(October 20, 1977)

■ JOCK THORNTON, as Executor of SHARON R. THORNTON, Deceased, et al., Respondents-Appellants, v ROOSEVELT HOSPITAL, Appellant-Respondent, and TESTAGAR, INC., Individually and as a Subsidiary of Fellows Medical Manufacturing Inc., Respondents. JOCK THORNTON, as Executor of SHARON R. THORNTON, Deceased, et al., Respondents-Appellants, v ROOSEVELT HOSPITAL, Defendant, and TESTAGAR, INC., Individually and as a Subsidiary of Fellows Medical Manufacturing Inc., Appellant-Respondent.—Orders, Supreme Court, New York County, entered, respectively, April 27 and 28, 1977, unanimously modified, on the law, to strike those portions granting leave to replead causes of action sounding in strict liability, and otherwise affirmed, without costs and without disbursements. Special Term, granting motions to dismiss causes for wrongful death as time-barred, granted leave to plead over, as indicated, in the belief that the action on the new cause would be timely. This case is based on injection of a substance into the decedent, allegedly resulting in the onset of cancer. The time of invasion of the decedent's body, and not any later time, began the period to be measured by the Statute of Limitation, and any such cause would also be time-barred. (See *Weinstein v General Motors Corp.,* 51 AD2d 335; *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212; *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287. Concur—Murphy, P. J., Birns, Markewich and Lynch, JJ.

■ MICHAEL MARRICO, an Infant, by His Father and Natural Guardian, NICHOLA MARRICO, et al., Respondents, v MISERICORDIA HOSPITAL, Defendant, and FRANK LAGUTTUTA, Appellant.—Appeal from order, Supreme Court, Bronx County, entered May 3, 1977, denying defendant-appellant's application for an order (1) vacating the medical malpractice mediation panel's finding, and (2) setting the matter down for a new hearing, unanimously dismissed, without costs and without disbursements, the order being nonappealable. "The legislative intent underlying section 148-a [Judiciary Law] is for an expeditious and informal resolution of the litigation. Such an intent would be thwarted were we to construe section 148-a as permitting appeals from what does not even amount to an interim determination. Furthermore, section 148-a permits counsel to explore the claimed underlying infirmities of the nonbinding panel determination at the trial of the action (see Judiciary Law, § 148-a, subd 8)" *(Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 174). Such orders are not even appealable by permission. (See CPLR 5701, subds [b], [c]; *Lee v Chemway Corp,* 20 AD2d 266; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.27; contra *Kletnieks v Brookhaven Mem. Assn., supra,* pp 174, 178.) We call to the attention of medical malpractice panels that the "liability" envisioned by subdivision 8 of section 148-a, as the predicate of a formal written recommendation, includes not only malpractice but also proximate cause *(Kletnieks v Brookhaven Mem. Assn., supra).* Concur—Birns, J. P., Lane, Markewich and Lynch, JJ.