■ ESTHER SCHWARTZ et al., Respondents, v RALPH C. MARCOVE, Appellant.—Order, Supreme Court, New York County, entered March 13, 1979, denying defendant's motion for an order (1) suppressing the findings of the January 10, 1979, medical malpractice panel; (2) prohibiting any trial reference to said panel or to its findings; and (3) directing either that a new panel be convened or dispensing with any such panel, unanimously affirmed, with costs. A podiatrist was fully qualified as an expert in the type of treatment rendered to the plaintiff. In full recognition of this fact, defendant, through counsel, consented to the designation of a podiatrist to the malpractice panel and fully presented defendant's case to the panel. "The concept of 'peer review', as appellant employs the term, is not mandated by section 148-a of the Judiciary Law or by constitutional doctrines of equal protection." *(Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 175.) Section 148-a of the Judiciary Law intends an expeditious informal resolution of litigation which might be thwarted by appeals from what do not even amount to interim determinations. Accordingly we have held that such orders are not appealable *(Marrico v Misericordia Hosp.,* 59 AD2d 680) and the Second Department has ruled that such appeals will be entertained only by leave of court for good cause shown *(Kletneiks v Brookhaven Mem. Assn.,* 53 AD2d, at p 174; 63 AD2d 994). The Court of Appeals has twice recently indicated its disapproval of such appeals in *Dundon v Presbyterian Hosp.* (44 NY2d 674, affg 57 AD2d 534) and *Comiskey v Arlen* (43 NY2d 696), stating (pp 697-698): "The formal written recommendation of the medical malpractice panel should not be suppressed on pretrial application. It was premature prior to trial, which might never take place, and which, if it does, might not give rise to considering the issue. And even if the issue arises, it might not result in prejudice to plaintiff." Concur—Murphy, P. J., Kupferman, Birns, Fein and Silverman, JJ.