■ MARTHA SHAW, Appellant, v Oo H. KYONG, Respondent. — Defendant moves to dismiss plaintiff's appeal taken from an order dated April 6, 1983, which denied plaintiff's motion to vacate a finding of a medical malpractice panel (see Judiciary Law, § 148-a). Since such an order is not appealable as of right (see *Marrico v Misericordia Hosp.,* 59 AD2d 680; *Kletniecks v Brookhaven Mem. Assn.,* 53 AD2d 169) defendant's motion is granted, without costs. Plaintiff cross-moves for permission to appeal from the subject order. It is our view that, pursuant to CPLR 5701 (subd [c]), such an order is appealable by permission (contra *Marrico v Misericordia Hosp., supra*) and that such permission may be granted by the Judge who made the order or a Justice of this court (but see *Kletniecks v Brookhaven Mem. Assn., supra,* p 174). In the instant case, since plaintiff has failed to demonstrate good cause to grant permission to appeal, the cross motion is denied, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

■ J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent, v T. DAVID BULLARD, as President of Bullard Orchards, Inc., et al., Appellants. — Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion, ought to be reviewed by the Court of Appeals: "Did this court err, as a matter of law, in affirming Special Term's order which granted plaintiff's motion for summary judgment?" Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.

▰▰▰▰▰▰

# (September 20, 1983)

■ In the Matter of ROBERT G. LEYDEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Petitioner seeks an order striking respondent's name from the roll of attorneys, in accordance with section 90 (subd 4, par b) of the Judiciary Law, on the ground that respondent has been disbarred by virtue of a felony conviction. Respondent was admitted to practice by this court on November 12, 1964. On August 1, 1983, he pleaded guilty in the County Court, Albany County, to the crime of grand larceny in the second degree (two counts), a class D felony (Penal Law, § 155.35). On August 29, 1983 he was sentenced to five years' probation on each count. Respondent ceased to be an attorney and counselor at law in this State upon his conviction of a felony (Judiciary Law, § 90, subd 4, par a) and the instant proceeding to strike his name from the roll of attorneys is merely a formality (subd 4, par b; *Matter of Ginsberg,* 1 NY2d 144). Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.