■ MILDRED L. SALMARCO et al., as Executrices of CHARLES MARTINELLI, Deceased, Respondents, v CROSS COUNTY HOSPITAL et al., Appellants. CROSS COUNTY HOSPITAL, Third-Party Plaintiff-Appellant, v NORMAN SPITZER, Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Anthony J. Mercorella, J.), entered July 17, 1984, which granted the motion of third-party defendant, Dr. Norman Spitzer, to vacate that portion of a recommendation of a Medical Malpractice Panel that had found him liable, is unanimously reversed, on the law, motion is denied and this finding is reinstated in the Medical Malpractice Panel's recommendation, without costs.

Order, Supreme Court, Bronx County (Joseph DiFede, J.), entered December 5, 1984, which, *inter alia,* denied the cross motion of defendant Dr. Arnold Di Gregorio to, *inter alia,* vacate that portion of a recommendation of the Medical Malpractice Panel that had found him liable, is unanimously affirmed, without costs.

Charles Martinelli (decedent), was admitted to Cross County Hospital (Cross County) on February 7, 1973, with a diagnosis of hemorrhoids. Dr. Arnold Di Gregorio (Dr. Di Gregorio) was the decedent's physician. On February 8, 1973, while decedent was a patient in Cross County, Dr. Di Gregorio consulted with Dr. Norman Spitzer (Dr. Spitzer), and Dr. Spitzer, after examining decedent, concluded that decedent was a "good surgical risk." During the morning of February 9, 1973 decedent underwent surgery for removal of the hemorrhoids. Later that day, decedent suffered cardiac arrest, lapsed into a coma from which he never regained consciousness, and he died on March 11, 1973.

The plaintiffs, as executrices, commenced an action against defendants Cross County and Dr. Di Gregorio to recover damages, based upon their alleged malpractice, which resulted in decedent's death. Subsequently, defendant Cross County brought a third-party action against third-party defendant Dr. Spitzer. Issue has been joined in both actions.

On April 10, 1984, a Medical Malpractice Panel (Panel) proceeding was held. Our review of the record indicates that

all parties attended and participated. The Panel made the following formal written recommendations: (a) defendant Dr. Di Gregorio—malpractice, (b) defendant and third-party plaintiff Cross County—no malpractice, and, (c) third-party defendant Dr. Spitzer—malpractice.

After the Panel made these findings, the third-party defendant Dr. Spitzer moved to have the finding of liability against him vacated. Dr. Spitzer based his motion on the contention that the Panel's finding against him was contrary to the principles of third-party practice, since the Panel had found no malpractice against defendant and third-party plaintiff Cross County (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1007:3, p 35). Dr. Spitzer's motion was granted by Justice Mercorella in an order, entered July 17, 1984, and Cross County has appealed.

Subsequently, Dr. Di Gregorio cross-moved to, *inter alia*, vacate the Panel's finding of malpractice against him. Justice DiFede denied that motion in an order, entered December 5, 1984, and Dr. Di Gregorio has appealed.

Both of these appeals have been consolidated.

It is long-established law that an order addressed to the recommendations of a Panel is not appealable *(see, e.g., Marrico v Misericordia Hosp.,* 59 AD2d 680 [1st Dept], and *Fallon v Loree,* 101 AD2d 1014 [1st Dept]), however, we find that Justice Mercorella's order, entered in the third-party action against Dr. Spitzer, is appealable *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5701:4, pp 577-578), since it affects a substantial right, in view of the fact that this order substantively changed the Panel's recommendation by vacating the finding of liability against Dr. Spitzer.

The Court of Appeals in *Comiskey v Arlen* (43 NY2d 696, 697) held that "[t]he formal written recommendation of the medical malpractice panel should not be suppressed on pretrial application." Based upon the authority of *Comiskey v Arlen,* cited *supra,* we find that Special Term abused its discretion by improperly intruding into the Medical Malpractice Panel's proceedings (Judiciary Law § 148-a). Accordingly, we reinstate the Panel's finding of malpractice against Dr. Spitzer.

In regard to Dr. Di Gregorio's appeal from Justice DiFede's order, we find appellant's contentions to be without merit, and we affirm that order, without costs. Concur—Kupferman, J. P., Sullivan, Ross, Fein and Rosenberger, JJ.