■ ANN COCHRANE et al., as Parents and Natural Guardians of KRISTA COCHRANE, an Infant, Appellants, v IVAN J. GOTHAM, JR., et al., Respondents, and ROBERT S. FACKLER, Appellant.—Order unanimously affirmed, without costs. Memorandum: A Medical Malpractice Panel found no liability on the part of defendant Dr. Gotham and liability on the part of defendant Dr. Fackler for injuries sustained by the infant plaintiff during and immediately following her birth. Plaintiffs and Dr. Fackler appeal from the denial of their motions to vacate the Panel findings on the ground that counsel for Dr. Gotham made an ex parte submission of expert medical reports to the Panel. We granted plaintiffs permission to appeal *(see,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.16b; *Fallon v Loree,* 101 AD2d 1014; *Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 174).

Special Term properly denied the motions. There is no statute or rule requiring submission of medical reports to opposing counsel in advance of a Medical Malpractice Panel hearing. Parties are required to submit all medical records and reports only to the Panel members (22 NYCRR 1028.5 [a]) and the Clerk of the Supreme Court (22 NYCRR 1028.3 [a]). The method of conducting the pre-Panel and Panel proceedings has been traditionally left to the Panel members. We have been informed that the prevailing practice in Ontario County requires opposing counsel to exchange contention letters, but not expert medical records, and counsel for Dr. Gotham cannot be faulted for following this custom. We note, however, that the better practice, and one suggested by notions of fundamental fairness, is for opposing counsel, in advance of the hearing, to exchange all information which will be presented to the Panel. The right to present evidence at a hearing necessarily includes a reasonable opportunity to know the claims of the opposing party and to meet them *(see,*

*Morgan v United States,* 304 US 1, 18; *Felner v Shapiro,* 94 AD2d 317, 321; *see also,* Code of Professional Responsibility DR 7-110 [B] [2]). If necessary, the names of the experts may be redacted from the medical records *(cf. Maust v Arseneau,* 116 AD2d 1012).

Special Term also properly denied plaintiffs' motion to disqualify Dr. Gotham's counsel for a conflict of interest on the ground that his law firm had represented Dr. Fackler in this action. Dr. Fackler has not moved to disqualify Dr. Gotham's counsel and has not objected to that firm's continued presence in this action. The law firm represented Dr. Fackler only for a short time before two separate actions were consolidated. Dr. Fackler's present counsel was substituted, without objection, in November 1983 and has continued to represent him *(cf. Cardinale v Golinello,* 43 NY2d 288; *Forbush v Forbush,* 107 AD2d 375). (Appeals from order of Supreme Court, Ontario County, Wagner, J.—vacate decision of Malpractice Panel.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.