OPINION OF THE COURT
Lewis R. Friedman, J.
Defendant Ronald Fraser Clinic (the Clinic) moves to vacate *137 a finding rendered against it by a medical malpractice mediation panel (panel). The motion raises serious questions of the function of the panel and the role of a court confronted with a motion to set aside a panel finding.
A portion of the complex procedural history is necessary to put the issue in context. Plaintiff began this medical malpractice action in this court against the Clinic and Drs. Laudon and Castor. Since Dr. Laudon was an officer of the United States Public Health Service, the case was removed to Federal court. The United States was substituted as a defendant for Dr. Laudon. Eventually, the Federal court remanded the case to this court. Plaintiff contends, inter alla, that she was a patient at the Clinic and was injured as a result of a delayed failure to diagnose her condition. The panel rendered a unanimous finding of malpractice by the Clinic. The Clinic argues that the finding should be set aside on the ground that the finding is impermissibly predicated on a question of law— whether the Clinic may be held responsible for the malpractice of Dr. Laudon.
The panel process in medical malpractice action was introduced in 1974 (L 1974, ohs 146, 657) in a legislative effort to provide a forum for " 'an expeditious and informal resolution of the litigation’ ” (Marrico v Misericordia Hosp., 59 AD2d 680; Kletnieks v Brookhaven Mem. Assn., 53 AD2d 169, 174). The statute was adopted "apparently on the theory that the parties would be better equipped to negotiate a settlement, and under greater pressure to settle, if given a preliminary view of the merits of the case.” (Bernstein v Bodean, 53 NY2d 520, 527.)
The Legislature’s hope that malpractice cases would be disposed of quickly has not been met in many portions of the State. Indeed, in Suffolk County panels are no longer required (see, L 1985, ch 294, § 14). However, the Appellate Divisions have relied on the need for expeditious resolution of cases in holding that panel findings and motions to vacate those findings are not appealable as of right (see, e.g., Kletnieks v Brookhaven Mem. Assn., supra, at 174; Marrico v Misericordia Hosp., supra; Fallon v Loree, 101 AD2d 1014; Colligen v Sumner, 112 AD2d 265; Roberts v St. Francis Hosp., 96 AD2d 272).
This court can find nothing in the history of the panel statute, or in the cases, which authorizes a vacatur of a panel finding based on mistake. The only reported cases where panel *138 findings have been vacated have involved impropriety by panelists, undisclosed conflicts of interest, unavailability of panelists to testify at trial, or postpanel events (e.g., DeCamp v Good Samaritan Hosp., 66 AD2d 766, 767-768; Napolitano v Quan, NYLJ, Nov. 27, 1989, at 27, col 5 [Sup Ct, NY County]; Tirado v Mayes, 134 Misc 2d 390, 393; Scott v Brooklyn Hosp., 93 AD2d 577, 580; Schmitt v Kantor, 83 AD2d 862; cf., Cochrane v Gotham, 120 AD2d 948, 949). There is even an instance where a court refused to vacate a panel finding though a member swore that he had not considered the issue of proximate cause (Roberts v St. Francis Hosp., 96 AD2d, supra, at 275).
This court can find no reason to expand the reasons for attacking the panel finding in a case such as the one at bar. The Clinic argues that the panel’s resolution of issues of law deprives it of a fair trial, with Judge deciding questions of law, and jury questions of fact. The Clinic’s argument strains to analogize the finding to an expert opinion which may not resolve questions of law. The Court of Appeals has specifically held that panels do not deprive parties of their constitutional right to trial by the court and jury (Treyball v Clark, 65 NY2d 589, 590). The parties may call the panel members as witnesses at trial and show that improper or inadequate consultations had occurred during the panel deliberations. "In short, any line of inquiry should be permitted which is found by the Trial Judge in the circumstances of the particular case not to be otherwise inadmissible and to be relevant and material to the assessment by the triers of fact of the evidential persuasiveness of the recommendation.” (Bernstein v Bodean, 53 NY2d, supra, at 528-529.) The parties are able to litigate the issues at trial without this court passing on the merits of the Clinic’s defense at this stage.
For analytical purposes the rules which govern setting aside arbitration findings are instructive. An arbitrator functions in a quasi-judicial role, yet an error of law or fact is, simply, not reviewable (cf., CPLR 7511 [b] [1]). The court cannot find that the panel exceeded its power, merely because the parties disagree with what might have been one issue that was involved (cf., CPLR 7511 [b] [1] [iii]; Matter of Board of Educ. [Hess], 49 NY2d 145, 151-152).
The true thrust of the instant motion is an attempt at summary judgment without proper papers. That is, the Clinic does not contend that there vis an error in the panel process, but rather that there is no possible finding of malpractice *139 against it since it cannot be responsible for Dr. Laudon’s conduct. Clearly, there is no reason to allow litigation of that issue by attempting to vacate the panel finding. Under the Clinic’s argument, no other panel could restore its possible liability. Of course, this decision does not concern the admissibility of the finding at trial.
The court holds that the finding of the panel may not be vacated as sought. The alternative relief of leave to appeal from this decision is denied.