(April 18, 1991)

■ PATRICK N. WILSON et al., Respondents, v ST. VINCENT'S HOSPITAL et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 24, 1990, which granted plaintiffs' motion to vacate a stipulation of discontinuance executed between plaintiffs and defendant St. Vincent's Hospital, unanimously affirmed, without costs, except that portion of the order which reconstituted the original medical malpractice panel as to which the appeal is dismissed.

In February 1983, 51 year old plaintiff Patrick Wilson underwent open heart surgery at St. Vincent's Hospital and sustained severe loss of vision in both eyes, allegedly as a result of medical malpractice. Subsequently, plaintiff and his wife commenced this action against Dr. Joseph Acinapura, a private attending physician who performed the surgery, Dr. Bruce Harper, a private attending anesthesiologist, St. Vincent's Hospital ("Hospital") and several other parties. The

action against defendant Hospital was based on the theory of vicarious liability of its agents involved during the operation. Although plaintiffs' counsel claimed that open heart by-pass surgery usually required the use of a heart-lung machine operated by a perfusionist who is assisted by a technician, the Hospital's response to court ordered discovery requests on this matter failed to reveal the existence of either Hospital medical personnel in the operating room during the subject surgery. Consequently, on May 29, 1987, plaintiffs and the Hospital entered into an unconditional stipulation of discontinuance with prejudice as to the Hospital.

During plaintiffs' preparation of their case against Drs. Harper and Acinapura before a medical malpractice panel, plaintiffs' counsel specifically requested, *inter alia,* the perfusion records from the Hospital, if any. Upon review of the medical records produced by the Hospital which contained no perfusion chart the medical panel determined there was no basis for liability against the private physicians.

In June 1990, during jury selection in the action against the private physicians, the Hospital, in response to a subpoena, produced a perfusion record identifying the names of two previously undisclosed Hospital employees, Greg Pesch, a perfusionist, and Bob Henderson, a technician, who were involved in plaintiff's surgery. Plaintiffs then by notice of motion, successfully obtained a mistrial, and vacatur of the stipulation of discontinuance against the Hospital. The court also directed that the same medical malpractice panel be reconstituted to hear the additional evidence concerning the perfusion record and make a determination of whether the new evidence would have altered the panel's findings against private physicians.

Relying on *Teitelbaum Holdings v Gold* (48 NY2d 51), the Hospital urges that the opening of the unconditional stipulation of discontinuance against it could not be disturbed except by commencement of a plenary action. We find there is no merit to this claim. *Teitelbaum (supra)* is distinguishable from the instant case, as the entire action herein was not "unequivocally terminated" by the stipulation of discontinuance entered into by the Hospital and plaintiffs. The remaining defendants, the private physicians, were not parties to the stipulation.

Furthermore, under the facts herein, the Hospital has failed to come forward with any real claim of prejudice to the court's entertainment of the vacatur of the stipulation of discontinuance by way of notice of motion. To require plaintiffs to bring

a separate action, where one is already pending would result in an undue burden on the parties and a drain on judicial resources.

Finally, Drs. Acinapura and Harper's appeal from that portion of the order which authorized the same medical malpractice panel to *inter alia* review the perfusion chart and determine whether it would alter the panel's original findings of no liability, should be dismissed. This court has held that an order addressed to the recommendation of a medical panel is not appealable as of right or by permission. *(Marrico v Misericordia Hosp.,* 59 AD2d 680; *but see, Tracy v Islam,* 127 AD2d 928 [IAS order vacating determination of medical panel and directing that a new panel be convened to consider newly discovered evidence, while not appealable as of right, may be appealable by permission upon a determination of good cause]; *Salmarco v Cross County Hosp.,* 114 AD2d 331.) Concur— Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.