■ BRUNO CAPPELLINI, Public Administrator of the County of New York, as Administrator of the Estate of HAYDAR H. NEZHAD, Deceased, Appellant, v KINNEY SYSTEMS, INC., et al., Respondents. (And Third-Party Actions.) BRUNO CAPPELLINI, Public Administrator of the County of New York, as Administrator of the Estate of HAYDAR H. NEZHAD, Deceased, Respondent,

v CLARENCE A. DUNN, JR. et al., Appellants, and KINNEY SYSTEMS, INC., et al., Respondents. (And Third-Party Actions.) [597 NYS2d 336] —Order, Supreme Court, New York County (Helen Freedman, J.) entered on or about January 6, 1992, *inter alia,* denying defendant Dr. John B. Grant's motion for summary judgment dismissing the complaint against him, unanimously affirmed, without costs.

Appeal from order, same court entered February 27, 1992 which granted reargument, but upon reargument, adhered to the prior determination denying plaintiff's motion to vacate the medical malpractice panel's findings, unanimously dismissed as non-appealable, without costs.

The IAS Court properly denied defendant physician's motion for summary judgment dismissing the complaint against him. Plaintiff's medical expert's sworn redacted report raised a material triable issue of fact concerning whether or not defendant departed from good and acceptable medical practice in failing to recognize the presence of air bubbles in the left inguinal region, indicating the possibility of a rectal laceration. Decedent, who had been brought to the hospital's emergency room following a severe crushing injury to his pelvic area, later died from his injuries and septicemia.

Plaintiff's appeal challenging the denial of vacatur of a medical panel's finding, because of the court's refusal to grant an adjournment to permit counsel to be present during the hearing is dismissed. This Court has repeatedly held that an order addressed to the recommendations of a medical panel is not appealable as of right or by permission. *(See, e.g., Wilson v St. Vincent's Hosp.,* 172 AD2d 310, 312; *but, cf., Salmarco v Cross County Hosp.,* 114 AD2d 331.) On this record the dismissal is without prejudice to plaintiff to argue the merits on appeal, if there is one, from a judgment after trial *(see, Needham v County of Nassau,* 109 AD2d 783; *Conklin v Montefiore Hosp. & Med. Ctr.,* 74 AD2d 792). Concur—Murphy, P. J., Rosenberger, Ross, Asch and Kassal, JJ.