James H. Boomer, J.
This action against a foreign corporation authorized to do business in New York State was begun by the service of a summons and complaint upon the Secretary of State. Defendant moves to dismiss the complaint, contending that jurisdiction has not been obtained over the person of defendant.
Defendant cites 'CPLR 302 which gives the court personal jurisdiction over any nondomiciliary, including a foreign corporation, when such nondomiciliary performs certain acts, including the transaction of any business within the State. Under that section personal jurisdiction is acquired only as to causes of action arising out of the acts enumerated. Defendant claims it is not transacting business with the State *624 of New York and further that the cause of action sued upon does not arise out of the transaction of any business within the State of New York. If that be true, personal jurisdiction was not acquired under CPLE 302.
Personal jurisdiction was acquired, however, under CPLE 301 and sections 1304 and 304 of the Business Corporation Law. CPLE 301 provides that, ‘ ‘ A court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore.” The Business Corporation Law, provides that a foreign corporation, in its application for authority to do business in the State must designate the Secretary of State as its agent upon whom process is to be served (§ 304), that the Secretary of State shall be the agent of every authorized foreign corporation upon whom process against the corporation may be served and that any such designation in effect on the effective date of the new Business Corporation Law shall continue (§ 304, subds. [a], [c]). Sections 304 and 1304 of the Business Corporation Law, insofar as they relate to foreign corporations authorized to do business in this State, were derived from section 210 of the General Corporation Law. Service upon a foreign corporation authorized to do business in the State, pursuant to that predecessor section, conferred personal jurisdiction (Neirbo Co. v. Bethlehem Corp., 308 U. S. 165, 174-175; Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N. Y. 432), even though the cause of action arose outside of the State and was not connected with any business transaction within the State (Bagdon v. Philadelphia & Reading Coal & Iron Co., supra; Karius v. All States Frgt., 176 Misc 155, 158) and even though the authorized foreign corporation had never transacted business within the State (Aaron v. Agwilines, Inc., 75 F. Supp. 604, 606).
Neither the enactment of the CPLR nor of the new Business Corporation Law has changed the effect of service of process upon an authorized foreign corporation by delivery of process to the Secretary of State. CPLR 301 authorizes the “ exercise of such jurisdiction over persons * *' * as might have been exercised heretofore ’ ’ and section 304 of the Business Corporation Law expressly continues in effect any prior designation of the Secretary of State as agent upon whom process may be served.
The defendant admits in its moving papers that a certificate of authority to business in New York State was filed in 1917 and that the certificate is still in effect, although the corporation no longer does business in New York. As long as the *625 certificate and the designation of the Secretary of State as agent to receive process remain in effect, the defendant is subject to personal service by delivery of process to the Secretary of State.
The motion to dismiss is denied.