# Augsbury Corporation, Respondent, v Petrokey Corporation et al., Appellants.

Third Department, December 8, 1983

APPEARANCES OF COUNSEL

*Chamberlain, D'Amanda, Bauman, Chatman & Oppen-heimer* (*Louis D'Amanda, Thomas G. Collins* and *Sheldon W. Boyce, Jr.*, of counsel), for appellants.

*Lombardi, Devorsetz, Stinziano & Smith* (*William J. Gilberti, Jr., Robert C. Paltz* and *Sidney Devorsetz* of counsel), for respondent.

OPINION OF THE COURT

SWEENEY, J.

In March, 1982, plaintiff Augsbury Corporation, a New York corporation, allegedly made two contracts for the sale and delivery of fuel oil with defendant Petrokey Corporation, a Delaware corporation. Petrokey allegedly failed to deliver the oil as agreed to plaintiff's barge at Petrokey's designated New York harbor terminal. Plaintiff brought suit on August 3, 1982 naming as defendants Petrokey, Diamond Industries, Inc., a Delaware corporation that owns all of the outstanding areas of Petrokey, and Stanley Mann, an alleged officer, director or controlling shareholder of Diamond, for interfering and intentionally inducing the breach.

When defendants moved to dismiss plaintiff's complaint for lack of personal jurisdiction over Diamond and Mann and for failure to state a cause of action against any of them for punitive damages, plaintiff served an amended complaint attempting to cure the alleged defects. Defendants again moved to dismiss, primarily on jurisdictional grounds. Plaintiff's response alleged that Mann and Diamond knew or should have known that their alleged acts would have consequences in New York and the fact that

they derived substantial revenue from interstate and international commerce created a question of fact about whether jurisdiction existed under CPLR 302 (subd [a], par 3, cl [ii]). Plaintiff also argued that discovery was necessary to determine if defendant Petrokey was the trading arm of defendant Diamond, over whom jurisdiction could be achieved through Petrokey's activities under CPLR 301.

Thereafter, defendant Petrokey moved to dismiss the amended complaint by order to show cause for lack of personal jurisdiction over it or, alternatively, to amend the second motion to dismiss on the ground that plaintiff's papers revealed that the only basis for jurisdiction was Petrokey's registration and authority to do business in New York.

By decision dated April 20, 1983, Special Term ruled that by registering to do business in New York, Petrokey consented to personal jurisdiction and the court allowed plaintiff discovery to determine if defendants Diamond or Mann had sufficient New York contacts to satisfy the long-arm statute. It denied the motion to dismiss regarding Petrokey with prejudice and regarding Diamond and Mann without prejudice to renewal after plaintiff's discovery. This appeal ensued.

There are three jurisdictional questions presented on this appeal. The first question involves jurisdiction over defendants, particularly defendant Petrokey, pursuant to CPLR 301. The second and third issues involve jurisdiction over defendants pursuant either to CPLR 302 (subd [a], par 1) or CPLR 302 (subd [a], par 3). The first issue is whether the court has personal jurisdiction over defendants pursuant to CPLR 301. As concerns defendant Petrokey, we agree with Special Term that Petrokey's authorization to do business in the State and concomitant designation of the Secretary of State as its agent for service of process pursuant to subdivision (b) of section 304 of the Business Corporation Law is consent to in personam jurisdiction (see *Le Vine v Isoserve,* 70 Misc 2d 747; *Robfogel Mill-Andrews Corp. v Cupples Co., Mfrs.,* 67 Misc 2d 623). A voluntary use of certain State procedures, as in the instant case, is in fact a form of constructive consent to personal jurisdiction which has been found to satisfy due process (*Insurance*

*Corp. v Compagnie Des Bauxites,* 456 US 694, 703-704). We reject defendant Petrokey's argument that due process has been violated by the finding of personal jurisdiction solely on the basis of its registration to do business. The privilege of doing business in New York is accompanied by an automatic basis for personal jurisdiction (Siegel, New York Practice, § 82, p 93).

In regard to defendants Mann and Diamond's argument that discovery was improperly granted, again we disagree. The record reveals that plaintiff has submitted sufficient proof of a possible controlling relationship between Diamond and Mann on the one side and Petrokey on the other to allow further discovery regarding possible jurisdiction under CPLR 301 by the attribution of Petrokey's acts to Diamond and Mann (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C301:3, pp 6-13). While we recognize that plaintiff bears the burden of establishing jurisdiction (*Badger v Lehigh Val. R. R. Co.,* 45 AD2d 601, 603), we believe that plaintiff has "made a sufficient start, and shown [its] position not to be frivolous" (*Peterson v Spartan Inds.,* 33 NY2d 463, 467). We find no abuse of discretion in Special Term's order permitting disclosure pursuant to CPLR 3211 (subd [d]).

■ We would also note that we do not believe that defendant Petrokey has waived its right to object to personal jurisdiction, as plaintiff argues. Petrokey brought its order to show cause before the hearing on the motion to dismiss. Special Term did not specifically deny Petrokey's request to amend the earlier notice, which denial would have been appealable (CPLR 5701, subd [a], par 2, cl [v]). Special Term's ruling on the merits should be deemed the equivalent of granting Petrokey's request to amend and thus preserves the objection to personal jurisdiction.

■ We pass now to a consideration of the jurisdictional issues posed by CPLR 302. In order to establish jurisdiction under CPLR 302 (subd [a], par 1), plaintiff must establish that the fuel oil was to be delivered within New York State. Defendant Diamond has averred that the term "New York Harbor" includes a large area of the New Jersey shore and that Petrokey always arranged for delivery at New Jersey terminals. Plaintiff has never replied to this

information and, therefore, we conclude that plaintiff has not met its burden of proof to establish jurisdiction under CPLR 302 (subd [a], par 1) (*Saratoga Harness Racing Assn. v Moss*, 26 AD2d 486, 490, affd 20 NY2d 733).

We believe, however, that a different result obtains in considering the requirements of section 302 (subd [a], par 3) of the CPLR. Personal jurisdiction based upon this provision requires the potential defendant to have committed a:

"tortious act without the state causing injury to person or property within the state * * * if he * * *

"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce".

Such a tortious act may indeed be a commercial tort, as alleged herein (*Sybron Corp. v Wetzel*, 46 NY2d 197, 205), although "remote injuries located in New York solely because of domicile or incorporation here do not satisfy CPLR 302 (subd [a], par 3)" (*supra*, p 205). Defendants argue that plaintiff has not even alleged an injury in New York because the acts of interference plaintiff complains of took place outside New York and the alleged failure to deliver oil occurred outside New York. Plaintiff, however, has alleged more than speculative injuries (cf. *Fantis Food v Standard Importing Co.*, 49 NY2d 317, 326, n 3), as plaintiff's complaint alleges that Diamond maliciously interfered with plaintiff's contractual relations with its customers damaging its business reputation and good will. We believe that plaintiff has made out a threshold case for jurisdiction under CPLR 302 (subd [a], par 3, cl [ii]) as some evidence of a direct injury from acts without the State are alleged. Plaintiff has alleged an out-of-State tortious act and an in-State injury. It is also reasonable to assume that a petroleum corporation derives substantial revenue from interstate or international commerce. The final question that must be resolved is whether injury in New York is foreseeable (McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:20 [1983-1984 Pocket Part], pp 36-37). Under the circumstances of the instant case, we infer that defendants could foresee New York as the place injury would occur

(*Sybron Corp. v Wetzel,* 46 NY2d 197, 205-207, *supra;* cf. *Fantis Food v Standard Importing Co.,* 49 NY2d 317, 326, nn 3, 4, *supra*). We, therefore, affirm.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, without costs.