**AMALGAMET, INC., Plaintiff,**

v.

**LEDOUX & COMPANY, Defendant.**

**No. 86 CIV. 1302 (PKL).**

United States District Court,
S.D. New York.

Oct. 15, 1986.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City (George F. Chandler, III, of counsel), for plaintiff.

Gennet and Kallmann, New York City (Stanley W. Kallmann, of counsel), for defendant.

LEISURE, District Judge:

In this diversity action plaintiff, Amalgamet, Inc., a New York corporation ("Am-algamet"), has sued defendant, Ledoux & Company, a New Jersey corporation ("Ledoux"), to recover the value of several thousand pounds of tantalite metal stored by defendant and allegedly not returned to plaintiff.

The defendant has moved for an order pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss this action for lack of personal jurisdiction. This Court concludes that it has personal jurisdiction over the defendant pursuant to New York Civil Practice Law and Rules ("CPLR") § 301. Since the Court holds that it has personal jurisdiction over defendant under CPLR § 301, it is not necessary to reach the question of whether jurisdiction is proper pursuant to New York's "long-arm" statute, CPLR § 302.

### STATEMENT OF FACTS

Defendant, a New Jersey corporation whose principal place of business is in Teaneck, New Jersey, is involved in the sampling, analysis, and storage of ores and metals. Affidavit of L. Andre Ledoux at ¶ 2. Although defendant neither maintains offices nor has agents in New York, it has been registered to do business in this state since 1912. Memorandum in Opposition to Defendant's Motion to Dismiss at 1 (hereinafter cited as "Memo in Opp. to Def."). In addition, defendant states on its New York Franchise Tax Report that it has done business in New York since 1899. Plaintiff's Exhibits 4–6. Defendant maintains a New York City telephone number, which it displays on its letterhead; defendant is also listed in the Manhattan directory. Memo in Opp. to Def. at 8.

There is some dispute between the parties as to the amount of business defendant conducts in New York. Defendant asserts that it does a minimal amount of business in New York. Affidavit of L. Andre Ledoux at ¶ 6. But plaintiff argues that defendant obtains substantial benefit from the services it performs in New York. Memo in Opp. to Def. at 9.

The facts upon which this particular dispute arises are as follows. Plaintiff, a

New York corporation, placed 8,934 pounds of tantalite metal in the custody of defendant. Defendant agreed to process, analyze and store the tantalite pursuant to warehouse receipts. Brief in Support of Defendant's Motion to Dismiss at 1. Defendant alleges that certain material, including the tantalite belonging to plaintiff, was stolen from its warehouse. However, defendant refuses to pay $100,347.36, the alleged value of the metal, demanded by plaintiff. As its defense, Ledoux claims that there was a limitation of liability provision contained in the applicable warehouse receipts.

## DISCUSSION OF LAW

■ Subject matter jurisdiction in this action is based on diversity of citizenship, 28 U.S.C. § 1332. Therefore, the issue of personal jurisdiction is determined by the law of the forum state, in this case, New York. *See, e.g., Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d Cir.1963). CPLR §§ 301 and 302 set forth the bases upon which New York courts may assert jurisdiction over a non-resident corporation.

■ Under the case law interpreting CPLR § 301, a foreign corporation is amenable to suit in New York if it is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." *Frummer v. Hilton Hotels Int'l,* 19 N.Y.2d 533, 536, 227 N.E.2d 851, 853, 281 N.Y.S.2d 41, 43, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967) (citations omitted). This means that a foreign corporation must be doing business in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917) (Cardozo, J.). It is clear that the nature of defendant's New York contacts support a finding that it is "doing business" in this state.

Defendant argues that the mere fact that it was authorized to do business in New York does not confer personal jurisdiction on this court. However, the general rule is that a foreign corporation which files a certificate of authority to do business in New York has consented to personal jurisdiction in the state. *Augsbury Corp. v. Petrokey Corp.,* 97 A.D.2d 173, 175, 470 N.Y.S.2d 787, 789 (3d Dept.1983); *Robfogel Mill-Andrews Corp. v. Cupples Co.,* 67 Misc.2d 623, 624, 323 N.Y.S.2d 381, 382 (1971).

In *Augsbury,* a Delaware corporation's authorization to do business in New York and its concomitant designation of the Secretary of State as its agent for service of process, were held to constitute consent to the court's jurisdiction. The court stated that "the privilege of doing business in New York is accompanied by an automatic basis for personal jurisdiction." *Augsbury,* 97 A.D.2d at 176, 470 N.Y.S.2d 787 (citation omitted).[1] Although defendant's offices and principal place of business are located in New Jersey, it has been authorized to do business in New York pursuant to N.Y.Bus.Corp.Law § 1301 *et seq.* (McKinney 1986) since 1912. Defendant, by filing its application for authority to do business in New York, has also designated the Secretary of State as agent for service of process. N.Y.Bus.Corp.Law § 304 (McKinney 1986). Furthermore, defendant states in its New York Franchise Tax Report that it has done business in New York since 1899. Since Ledoux has reaped the benefits of doing business in New York for at least 74 years, it cannot now be heard to complain about the imposition of this Court's personal jurisdiction.

In addition, Amalgamet claims that Ledoux obtains substantial benefit from its proximity to New York. In his affidavit, Mr. Brandt Rising of Lucius Pitkin, Inc. (a company in the same business as defendant) states that because New York is a major metals center, an enterprise engaged in the business of processing, analyzing, and storing ores must maintain a presence

---

1. Defendant has cited no case law permitting a corporation authorized to do business in New York to escape personal jurisdiction before a Federal or State Court in New York.

here. According to Mr. Rising, access to the New York City market is essential to a laboratory involved in the analysis, weighing and sampling of metals traded internationally.

Defendant next argues that it cannot be considered to be "doing business" in New York because of its minimal business activity in this state. In support of this proposition, defendant points to the percentage of its gross income earned in New York between 1982 and 1984. Defendant states that in 1982 the percentage of its gross income earned in New York was 0.95 percent, in 1983 it dropped to 0.37 percent, and in 1984, it decreased still further, to 0.02 percent.

However, plaintiff claims that defendant billed and received at least 33% of its total revenues—amounting to $1,205,760—for its 1984 fiscal year in New York.

This Court is not unmindful of the rule that on a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R. Civ.P. 12(b)(2), where the trial court holds no hearing, "the plaintiff need only make a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Stone v. Chung Pei Chem. Indus. Co.*, 790 F.2d 20, 22 (2d Cir.1986) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981)). Accordingly, after reviewing the documents submitted by plaintiff in opposition to defendant's motion, this Court concludes that plaintiff has made such a *prima facie* showing of jurisdiction.

For the sake of completeness, one final argument made by defendant should be considered. Ledoux asserts that its maintenance of a New York City telephone number is entirely irrelevant to the issue of jurisdiction. Defendant cites several cases which hold that maintenance of a New York telephone number is insufficient, either, in and of itself, or together with the use of the New York media for advertising, to constitute doing business in this state. *J.E.T. Advertising Associates v. Lawn King, Inc.*, 84 A.D.2d 744, 443 N.Y.S.2d 745 (2d Dept.1981); *Carbone v. Fort Erie*

*Jockey Club*, 47 A.D.2d 337, 366 N.Y.S.2d 485 (4th Dept.1975); *Meunier v. Stebo, Inc.*, 38 A.D.2d 590, 328 N.Y.S.2d 608 (2d Dept.1971).

Significantly, none of the cases cited by defendant involve a corporation authorized to do business in New York. In this case, the maintenance of a New York City telephone number—which defendant displays on its letterhead and lists in the Manhattan directory—must be viewed *in conjunction* with defendant's authorization to do business in New York and the substantial benefit defendant obtains from conducting business in this state. These facts, when considered together, clearly establish that defendant is carrying on systematic and regular business activities in New York. Therefore, defendant is subject to the personal jurisdiction of this Court.

### CONCLUSION

Based on the foregoing, this court concludes that it has personal jurisdiction over defendant pursuant to CPLR § 301. Consequently, defendant's motion to dismiss the complaint for lack of personal jurisdiction is hereby denied.

SO ORDERED.