■ PATRICIA T. FULLER, Respondent, v TAE KWON et al., Defendants, and CHARLES STROBER et al., Appellants. [686 NYS2d 831] —In an action to recover damages for medical malpractice, the defendants Charles Strober and Horton Hospital separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered November 6, 1997, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion to vacate (1) a conditional order of preclusion of the same court, entered June 4, 1997, upon her default in opposing a motion to preclude her from offering certain evidence and (2) an order of the same court, dated July 31, 1997, made upon her default in complying with the conditional order of preclusion dated June 4, 1997. Presiding Justice Mangano has been substituted for former Justice, now Judge Rosenblatt (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with one bill of costs, the motions are granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff failed to oppose a motion to preclude evidence and failed to comply with a conditional order of preclusion. In cross-moving to vacate her defaults, the plaintiff did not demonstrate a reasonable excuse or the existence of a meritorious cause of action against the appellants. Her counsel's vague statement regarding unspecified personal problems is insufficient to excuse the defaults (*see, Korea Exch. Bank v Attilio,* 186 AD2d 634; *see also, Smith v Fritz,* 148 AD2d 438). Furthermore, absent the submission of an unredacted doctor's affidavit to the court for in camera inspection, the doctor's unsigned and redacted affidavit submitted in support of the cross motion was insufficient to demonstrate the merits of the action (*cf., Marano v Mercy Hosp.,* 241 AD2d, 48, 50 [submission of redacted affidavit in opposing a motion for summary judgment is acceptable where unredacted original is also submitted to the court for in camera inspection]; *see, e.g., Napierski v Finn,* 229 AD2d 869; *Carrasquillo v Rosencrans,* 208 AD2d 488; *Zuck v Sierp,* 169 AD2d 717 [submission of redacted

and unredacted affidavit is the proper procedure in the context of a motion for leave to serve an amended complaint]). Accordingly, the Supreme Court improvidently exercised its discretion by vacating the orders that had been entered on the plaintiff's default.

Since the plaintiff is precluded from offering evidence of the appellants' alleged negligence, the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them (*see, Bock v Schiowitz,* 168 AD2d 593). Mangano, P. J., Santucci, McGinity and Luciano, JJ., concur.