■ JOSEPH CROWTHER, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY SCHOOL CONSTRUCTION AU-

THORITY et al., Appellants. [692 NYS2d 439] —In an action to recover damages for personal injuries, the defendants New York City School Construction Authority, Board of Education of the City of New York, Gemma Construction, Inc., and HRH Construction Co. individually and d/b/a HRH Construction Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated March 18, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Nonparty Delta Testing Laboratories (hereinafter Delta) was retained by the defendant HRH Construction Co., the construction manager, to inspect the steel work and fireproofing at a construction project. The plaintiff, a Delta employee, went to the construction site to inspect steel columns for rust, dirt, or other materials which might prevent fireproofing from adhering to the steel surface. Fireproofing could not be applied unless the columns were free of such materials. To access the columns, the plaintiff was required to walk across steel wire mesh that had been laid to reinforce the concrete floor which was to be poured at a later date. His feet allegedly became entangled in a piece of scrap mesh and he fell, injuring his knees. The plaintiff subsequently commenced this action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6).

Contrary to the appellants' contention, the plaintiff is a person entitled to the protection of Labor Law § 241 (6). Although this issue was improperly raised for the first time in the appellants' reply papers in the Supreme Court, the plaintiff had an opportunity to and did respond (*see, Held v Kaufman,* 91 NY2d 425, 430) and both the appellants and the plaintiff have fully briefed the issue on appeal. Consequently, we have considered the issue.

The plaintiff was on the construction site performing work for his employer, a contractor hired by the construction manager. Consequently, he was within the class of persons protected by Labor Law § 241 (6) (*see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 577). The appellants' remaining contention regarding the plaintiff's Labor Law § 241 (6) claim, raised for the first time in their reply brief on appeal, is not properly before us (*see, Ciotti v New York Hosp.,* 221 AD2d 582).

With respect to the plaintiff's common-law negligence and Labor Law § 200 claims, there is a question of fact as to

whether the appellants had the authority to control the activity or condition which allegedly caused the plaintiff's injury (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352; *Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877). This is not a case where the plaintiff's injuries were caused by his own or his employer's methods rather than by a dangerous condition at the worksite (*cf., Lombardi v Stout,* 80 NY2d 290, 295).

Contrary to the appellants' contention, traversing the wire mesh was not a risk inherent in the plaintiff's work. Further, the Supreme Court properly concluded that there are questions of fact as to whether the piece of scrap mesh was readily observable and whether the plaintiff was aware of its presence. Consequently, the court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.