■ MARY SQUICIARI, Appellant, v SEYMOUR BRENNER et al., Defendants, and JAMES LASH et al., Respondents. [714 NYS2d 355] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated July 9, 1999, which granted the motion of the defendants James Lash and Alfredo C. Roque for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Alfredo C. Roque, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

After undergoing surgery for uterine cancer on August 10, 1987, the plaintiff was referred to the defendant Community Radiology Associates, P. C. (hereinafter CRA) for post-surgery radiation therapy. On September 21, 1987, she was examined by the defendant Dr. Seymour Brenner of CRA, who prescribed a course of radiation therapy, including the number of sessions and the dosages. The first treatment was that same day, and all treatments were supervised by the defendant Dr. Alfredo C. Roque, also of CRA, who saw the plaintiff on each visit and recorded each treatment that she received.

The plaintiff received radiation therapy on 12 occasions between September 21, 1987, and October 9, 1987. On October 7, 1987, Dr. Roque noted that the plaintiff was experiencing diarrhea, but he did not recommend a reevaluation of her condition or consult with Dr. Brenner, as he believed that this was a typical side effect of the radiation therapy. On October 12, 1987, Dr. Roque noted that treatment should stop for one week and the plaintiff would receive medication during that time, because she was experiencing diarrhea and abdominal pain.

On October 14, 1987, the plaintiff was admitted to a hospital for a small bowel obstruction, and was discharged on October 22, 1987. On October 26, 1987, when she returned to CRA for continued radiation therapy, Dr. Roque was aware of the hospitalization, but he did not consult with Dr. Brenner about the propriety of continuing the therapy. From October 26, 1987, to November 16, 1987, the plaintiff underwent 15 additional radiation treatments at CRA.

On December 16, 1987, the defendant Dr. James Lash, also of CRA, performed a CAT scan of the plaintiff's pelvis. He could not recall who directed him to perform the CAT scan, but indicated that it was either Dr. Brenner or Dr. Roque. The result of the CAT scan revealed no evidence of damage as a result of radiation or of the prior bowel obstruction. Dr. Lash did not participate in any of the radiation therapy.

Commencing in February 1988 the plaintiff was rehospitalized with the same symptoms, but with greater intensity, that she experienced in October 1987. Ultimately, she required surgeries for damage to her colon and bowel due to alleged excessive radiation.

She commenced this action to recover damages alleging that Drs. Lash, Roque and Brenner were partners of CRA and vicariously liable for one another's acts, and that each defendant was negligent and committed malpractice by, *inter alia*, failing to adequately evaluate her condition to prevent excessive radiation, and improperly managing her radiation treatment.

Upon the respondents' prima facie demonstration of entitlement to judgment as a matter of law on the issue of vicarious liability, the Supreme Court properly determined that they were only employees of CRA, since the plaintiff failed to submit evidence to raise a triable issue of fact that they were principals of CRA (*see, Kavanaugh v Nussbaum,* 71 NY2d 535, 546-548).

Similarly, the Supreme Court properly determined that Dr. Lash was not negligent and, in any event, any alleged negligence by him did not proximately cause the plaintiff's injuries (*see, Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359; *Lewis v Mensher,* 77 AD2d 562).

The Supreme Court erred, however, in granting summary judgment to Dr. Roque, as the plaintiff raised a triable issue of fact as to whether his alleged negligence was a substantial factor in producing her injuries, and whether his alleged departure from good and accepted medical practice proximately caused her injuries (*see, Minelli v Good Samaritan Hosp.,* 213 AD2d 705).

The plaintiff's contention regarding a possible conflict of interest of the respondents' counsel is raised for the first time in her reply brief and, therefore, is not properly before this Court (*see, Matter of Allen,* 268 AD2d 520). Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.