■ KENNETH MILLER et al., Respondents, v NORMAN M. BRUST et al., Appellants, et al., Defendant. [717 NYS2d 663] —In a consolidated action to recover damages for medical malpractice, etc., the defendants Norman M. Brust and Pension Committee-Joint Industrial Board of the Electrical Industry Medical Department separately appeal from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated January 3, 2000, as granted that branch of the plaintiffs' motion which was to vacate so much of a prior order of the same court dated June 7, 1999, as dismissed the action insofar as asserted against them pursuant to CPLR 3216.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion is denied, so much of the order dated June 7, 1999, as dismissed the action pursuant to CPLR 3216 insofar as asserted against the appellants is reinstated, and the action against the remaining defendant is severed.

It is well established that once a plaintiff is served with a 90-day notice pursuant to CPLR 3216, it is incumbent on the plaintiff to comply with the notice by timely filing a note of issue or moving for an extension of time within which to comply. If the plaintiff fails to do so, to avoid the sanction of dismissal the plaintiff is required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice, and a meritorious cause of action (*see, Timko v Loreto,* 263 AD2d 480; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653).

In this case, the Supreme Court issued a 90-day notice pursuant to CPLR 3216 at a compliance conference. When the plaintiffs failed to comply with the notice or move for an extension, the Supreme Court issued an order dated June 7, 1999, dismissing the action. The plaintiffs thereafter moved to vacate that order. However, we find that the plaintiffs failed to demonstrate that they had a meritorious cause of action. An unsigned and redacted physician's affidavit is insufficient to demonstrate the merits of a medical malpractice action (*see, Gourdet v Hershfeld,* 277 AD2d 422; *Fuller v Tae Kwon,* 259 AD2d 662; *Marano v Mercy Hosp.,* 241 AD2d 48). There is no evidence that an unredacted affidavit was submitted for in camera inspection by the Supreme Court. Thus, the Supreme Court erred in vacating the prior order.

The plaintiffs' remaining contentions concerning the validity of the 90-day notice are without merit (*see, Safina v Queens-Long Is. Med. Group, supra*; *Balancio v American Opt. Corp.,* 66 NY2d 750). O'Brien, J. P., Sullivan and Schmidt, JJ., concur.

Goldstein, J., dissents, and votes to affirm the order appealed from, with the following memorandum, in which Krausman, J., concurs. The Supreme Court issued a 90-day notice pursuant to CPLR 3216 at a compliance conference. Thereafter, by order dated June 7, 1999, the Supreme Court dismissed the action for failure to comply with the 90-day notice. The plaintiffs moved to vacate that order, asserting a reasonable excuse for the delay and a meritorious cause of action. Annexed as Exhibit D to their motion papers was a notarized affidavit of merit of a physician who was board certified in gastroenterology, liver disease, and internal medicine. The name and signature of the physician was redacted from the copies which were served upon the defendants.

The appellant Pension Committee-Joint Industrial Board of Electrical Industry Medical Department (hereinafter the Pension Committee) argued, in opposition, that the plaintiffs were seeking affirmative relief, and therefore were required to disclose the identity of their expert, citing *Marano v Mercy Hosp.* (241 AD2d 48). In that case, this Court held that where a party is acting "in an offensive context" (*Marano v Mercy Hosp., supra*, at 51) by seeking summary judgment in its own behalf, the use of redacted expert affidavits is not sufficient. However, this Court reaffirmed that the use of redacted affidavits is permissible when the party is acting defensively, "as long as an unredacted original is provided to the court for its in camera inspection" (*Marano v Mercy Hosp., supra*, at 50).

In the order appealed from, the Supreme Court granted the plaintiffs' motion and restored the action to the trial calendar. The defendants Dr. Norman M. Brust and the Pension Committee appeal.

In its brief on appeal to this Court, the Pension Committee reiterates its argument that the plaintiffs were seeking affirmative relief, and therefore were required to disclose the name of their expert. The plaintiffs counter that *Marano v Mercy Hosp. (supra)* is inapposite because there the movant was seeking summary judgment, which is the procedural equivalent to trial. The plaintiffs further contend that when a plaintiff submits an affidavit of merit in support of a motion to vacate a default pursuant to CPLR 3216, nondisclosure of the expert's identity is permitted pursuant to CPLR 3101 (d) (1) (i).

In an action to recover damages for medical malpractice, a

party serving an affidavit of merit of an expert may redact the expert's name and signature (*see,* CPLR 3101 [d] [1] [i]; *Fuller v Tae Kwon,* 259 AD2d 662; *Zuck v Sierp,* 169 AD2d 717).

In its reply brief to this Court, the Pension Committee argues for the first time that the plaintiffs' affidavit of merit was insufficient because the plaintiffs "did not submit an unredacted copy of their expert's affidavit to the court," citing *Fuller v Tae Kwon* (*supra,* at 662), which holds that "absent the submission of an unredacted doctor's affidavit to the court for an in camera inspection," submission of a redacted physician's affidavit on a motion to vacate a default is insufficient. However, it is well settled that a contention raised for the first time in a reply brief is not properly before this Court (*see, Squiciari v Brenner,* 276 AD2d 689; *Crowther v City of New York,* 262 AD2d 519; *Sousa v American Ref-Fuel Co.,* 258 AD2d 514; *Morgan v New York City Hous. Auth.,* 255 AD2d 565; *Jaffer v Miles,* 209 AD2d 672).

Indeed, as previously noted, the decision of this Court in *Marano v Mercy Hosp.* (*supra*), which states that an unredacted copy of the affidavit of merit must be inspected in camera, was cited in the papers filed in the Supreme Court. There is no basis to assume that the Supreme Court ignored that requirement.

The appellants' remaining contentions are without merit.