OPINION OF THE COURT
Kenneth L. Gartner, J.
The plaintiff medical provider, as subrogee of an insured *135 patient, commenced this action seeking payment from the patient’s no-fault insurer for treatment allegedly rendered to the patient following an automobile accident. The plaintiff now moves for an order granting a judgment on default.
As more fully set forth below, personal jurisdiction is established based upon a little noted but significant section of the Insurance Law — section 1212. By providing that service made upon the New York Superintendent of Insurance in Albany “shall be deemed to have been made within the territorial jurisdiction of any court in this state” (Insurance Law § 1212 [b]), Insurance Law § 1212 effectively permits an insurer to be sued in any court, anywhere in New York State, at the plaintiffs choosing, as long as the chosen court has subject matter jurisdiction of the claim. Recent authority denying similar applications where personal service was made outside of this county, but “long-arm” jurisdictional requirements had not been met, are thus distinguishable.
As is also set forth more fully below, the application must nevertheless be denied without prejudice, on the ground that the medical provider has failed to support its application with a sworn, evidentiary statement of the facts underlying the claim. Earlier authority permitting an award of judgment to a no-fault medical provider based upon verification of treatment forms containing (as did the form submitted in the instant case) the typed, unsworn name of the treating doctor in the “signature” line of the form, is distinguishable on the instant facts.
The summons and complaint were served, pursuant to Insurance Law § 1212, upon the Superintendent of Insurance of New York State in Albany, New York, whose acknowledgment shows an address for the defendant in Buffalo, New York. However, the New York State “no-fault” verification of treatment form, and the instant motion, were both mailed to a post-office box in Parsippany, New Jersey.
Nevertheless, under CPLR 3215 (g), “[t]he plaintiff need not notify the non-appearer if the default judgment is sought within a year after the default has occurred * * (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7, CPLR C3215:18, at 560.) As the defendant has not appeared, as there is no indication that a demand for notice has been made under CPLR 3215 (f) (2), as this application is made within a year after the default, and as service was made pursuant to the cited Insurance Law provision and not upon the New York Secretary of State pursuant to Business Corporation *136 Law § 306 (see, CPLR 3215 [g] [4]), any notice given of the instant application would appear to have been gratuitous and not required. Therefore any inconsistency between the address to which it was sent and that contained in the Superintendent of Insurance’s records appears to be under any circumstances of no moment.
Insurance Law § 1212 requires that authorized insurers execute a power of attorney appointing the Superintendent of Insurance agent for receipt of process, and further provides, in subdivision (b), that: “Service of process upon any such insurer in any proceeding in any court of competent jurisdiction may be made by serving the superintendent * * * Service of process so made shall be deemed to have been made within the territorial jurisdiction of any court in this state.”
Insurance Law § 1213, a parallel provision covering unauthorized insurers, similarly provides for service upon the Superintendent, declaring that such insurer’s transaction of business in this state “shall signify its agreement that such service of process is of the same legal force and validity as personal service of process in this state.” (Insurance Law § 1213 [b] [1]; see, Deepdale Gen. Hosp. v American Colonial Ins. Co., 144 Misc 2d 917, 918 [App Term, 2d Dept 1989] [District Court action “commenced,” under Insurance Law § 1212, upon service on Superintendent, not the later filing of the complaint with the court].)
As stated by the Appellate Division, addressing a predecessor statute, these provisions were “intended to provide a way of obtaining personal service on a foreign insurance corporation, and such service should be deemed to be made within the territorial jurisdiction of the court issuing the process.” (McKeever v Supreme Ct. of Ind. Order of Foresters, 122 App Div 465 [2d Dept 1907].)
Insurance Law § 1213 has been described as “going to the very perimeters of due process.” (Cavaliere v New Jersey Ins. Underwriting Assn., 236 AD2d 502, 503 [2d Dept 1997]; accord, Ford v Unity Hosp., 32 NY2d 464, 471 [1973].) Nevertheless, as it has been found to fall within those perimeters, the provisions of Insurance Law § 1212 — which involve an express rather than implied voluntary acquiescence to this form of jurisdiction as a condition of authorization to do business in this state — would appear proper as well.
Personal service within the territorial jurisdiction of this court is an independently sufficient basis for the exercise of personal jurisdiction. (See, Made-Ready Door Co. v Fox Ledge *137 Corp., 86 Misc 2d 518 [Suffolk Dist Ct 1976] [independent jurisdictional basis for commencement of action in county-required only if extraterritorial service upon nonresident sought to be made, and jurisdiction established, under Uniform District Court Act §§ 403 and/or 404]; accord, Hunt v Hunt, 72 NY 217 [1878]; Kelly v Kelly, 300 AD2d 547, 548 [2d Dept 2002]; Matter of Le, 168 Misc 2d 384, 388 [Sup Ct, Queens County 1995]; Burnham v California, 495 US 604, 619-622 [1990] [personal service within the territorial limits of the court is the “classic,” and independently sufficient, method of obtaining personal jurisdiction of the defendant].) The “deeming” of service made in Albany to have been made personally within the territorial jurisdiction of the Nassau County District Court does not offend the New York State Constitution, since the Legislature is permitted to authorize statewide service of process for the District Court. (United Communications Corp. v 1st Tee, 179 Misc 2d 896 [Watertown City Ct 1999] [determining the contrary to be true with respect to City Courts but distinguishing the constitutional provisions applicable to the District Court].)
This apparently answers any objection to personal jurisdiction based upon the manner and place of service of process which might otherwise be raised. (Compare, Beverly Hills v AIG Ins. Co., 194 Misc 2d 533 [Nassau Dist Ct 2003] [default judgment denied where basis for extraterritorial service could not be established under UDCA 403 and/or 404].)
CPLR 3215 (f) requires that an application for a judgment by default be supported by “proof of service of the summons and complaint * * * and proof by affidavit made by the party of the facts constituting the claim, the default and the amount due.”
While the affidavit of default is sufficient, the affidavit of a corporate officer of the plaintiff asserting that “[p]laintifPs counsel has advised that plaintiff has a meritorious claim against defendant” is insufficient as an affidavit of “the facts constituting the claim.” (St. Paul Fire & Mar. Ins. Co. v Eastmond & Sons, 244 AD2d 294, 294 [1st Dept 1997] [“The submission of plaintiff, as subrogee of its insured, in support of the application, was conclusory and based upon an attorney’s representation to plaintiff subrogee, and thus utterly devoid of evidentiary value. Accordingly, plaintiff failed to satisfy the requirement of CPLR 3215 (f) * * *”].) The complaint, although verified, was verified by counsel, and thus may not be used for this purpose. (See, Electric Ins. Co. v Shaw, 2001 NY Slip Op 40065[U] [Nassau Dist Ct 2001].)
*138 The plaintiff annexed to the complaint — which is itself an exhibit to the moving papers — a form entitled “Verification of Treatment by Attending Physician or Other Provider of Health Service.” This form details the basis for the claim and the nature and amount of the services rendered and sum sought in acceptable form.
The space provided on the form for “Provider’s Signature,” though, has in it the treating health professional’s name as typed or printed therein, but not a signature at all or any indication that it was sworn to.
In Metroscan Imaging v American Tr. Ins. Co. (NYLJ, Dec. 10, 1999, at 27, col 5 [Civ Ct, NY County]), the court found that a plaintiff seeking summary judgment for payment of no-fault benefits, and relying upon the defendant insurer’s failure to have paid or denied the claim within 30 days of its submission, as required by Insurance Law § 5106, met its burden by submitting verification of treatment forms containing a stamped signature, or signature of someone other than the doctor. The court reached this decision on the ground that “defendant has not cited any regulation requiring an original signature on the claim forms,” and that for the court to require the same would “run[ ] the risk of undoing all that the no-fault law was designed to do, i.e. to provide a quick and efficient mechanism to deal with claims arising out of non-serious injuries caused by a car accident.” (At 28, col 2; see, Jaffe and Tucker, No-Fault Claims: Prima Facie Medical Necessity, NYLJ, Feb. 28, 2000, at 1, col 1 [approving Metroscan as well reasoned].)
Metroscan, however, is distinguishable. The instant case does not involve a claim of 30-day preclusion under Insurance Law § 5106. The complaint alleges submission of the claim, and nonpayment, but no time frame, and contains no assertion that there was a failure to timely deny the claim. (See, e.g., Neuro Care Ctr. II v Allstate Ins. Co., NYLJ, Jan. 28, 2003, at 19, col 5 [Civ Ct, NY County, Billings, J.].) Absent the existence of some preclusion or estoppel limiting the issues which may be raised in defense, the usual rule requiring a full prima facie showing governs. Under the usual rule, an unsigned affidavit does not constitute evidence in admissible form and thus is insufficient. (See, e.g., Hargrove v Baltic Estates, 278 AD2d 278, 279 [2d Dept 2000] [unsigned and unsworn “affidavit” of engineering expert not competent to raise triable issue in opposition to summary judgment motion]; accord, Miller v Brust, 278 AD2d 462 [2d Dept 2000]; Fuller v Kwon, 259 AD2d 662 [2d Dept 1999].)
*139 As a result, although jurisdiction has been obtained over the defendant, the instant application must be denied, without prejudice to its renewal on proper papers, for failure to support the application as required by CPLR 3215 (f).