The Supreme Court properly concluded that the third-party defendant Sequoia Insurance Company (hereinafter Sequoia) is subject to personal jurisdiction in New York. In support of its motion, inter alia, to dismiss the third-party complaint insofar as asserted against it pursuant to CPLR 3211 (a) (8), Sequoia submitted the affidavit of one of its vice presidents, who acknowledged that the company became licensed to conduct insurance business in New York prior to the commencement of the third-party action. Sequoia additionally admitted that, as required by Insurance Law § 1212, it appointed the New York Superintendent of Insurance as its agent for service of process. Sequoia’s authorization to do business in New York, and its statutorily required appointment of the Superintendent of Insurance as its agent for service of process “in any proceeding against it on a contract delivered or issued for delivery, or on a cause of action arising, in this state” (Insurance Law § 1212 [a]), constituted a consent to jurisdiction for claims within the scope of that appointment (see Pennsylvania Fire Ins. Co. of Philadelphia v Gold Issue Mining & Milling Co., 243 US 93, 95 [1917]; STX Panocean [UK] Co., Ltd. v Glory Wealth Shipping Pte Ltd., 560 F3d 127, 131 [2009]; The Rockefeller Univ. v Ligand Pharms., 581 F Supp 2d 461, 466-467 [2008]; Amalgamet, Inc. v Ledoux & Co., 645 F Supp 248, 249 [1986]; Augsbury Corp. v Petrokey Corp., 97 AD2d 173, 175 [1983]; Comprehensive Mental Assessment & Med. Care v Merchants & Businessmen’s Mut. Ins. Co., 196 Misc 2d 134, 136-137 [2003]; Le Vine v Isoserve, Inc., 70 Misc 2d 747, 749 [1972]; Robfogel Mill-Andrews Corp. v Cupples Co., Mfrs., 67 Misc 2d 623, 624 [1971]; see also Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C301:6 at 21-24). The defendant/third-party plaintiffs cause of action for a judgment declar *998 ing that Sequoia is obligated to defend and indemnify it in the main action pending in New York falls within the scope of the Superintendent of Insurance’s appointment under Insurance Law § 1212 and, thus, Sequoia effectively consented to the exercise of personal jurisdiction over it (cf. Muollo v Crestwood Vil., 155 AD2d 420, 421 [1989]). Accordingly, the Supreme Court properly denied that branch of Sequoia’s motion which was pursuant to CPLR 3211 (a) (8) to dismiss the third-party complaint insofar as asserted against it on the ground of lack of personal jurisdiction.
In light of our determination, we need not reach Sequoia’s remaining contentions. Eng, EJ., Rivera, Hall and Sgroi, JJ., concur.