Louis B. Heller, J.
In an action for personal injuries allegedly sustained by the infant plaintiff, and for loss of services, defendant Prote Contracting Co., Inc. (hereinafter referred to as defendant Prote) moves for an order discontinuing the action as against defendant Prote ‘ ‘ and/or ’ ’ dismissing the *875 cross complaint of defendant the Board of Education against Prote.
So much of the motion as seeks discontinuance of the action against defendant Prote is based upon a supporting affidavit of plaintiffs’ attorney which states that a subsequent investigation and an examination of defendant, the Board of Education, before trial disclosed that defendant Prote had completed its work some five months prior to the date of the accident; that it had at that time removed all its equipment from the premises in question; that the plank which caused the accident belonged to one of the other contractors who were doing work on the premises at the time of the accident; and that in affiant’s opinion the defendant Prote was in no way responsible for the accident. The affidavit concludes with a prayer for an order discontinuing the action against Prote, without costs.
Although the instant motion is brought on by defendant Prote, the plaintiffs will be regarded as the true movants with respect to so much of the motion as seeks an order permitting them to discontinue as against said defendant. (See Bell v. Broadway Sav. Bank, 129 N. Y. S. 2d 23.) So considered, that portion of the motion, seeking leave to discontinue, is granted, in view of the statements made in the affidavit of plaintiffs’ attorney showing in substance and effect that no cause of action exists in plaintiffs’ favor against defendant Prote.
The remainder of the motion, seeking a dismissal of the cross complaint, is denied. It is to be noted in this connection that so much of the court’s determination as grants leave to plaintiffs to discontinue the action as against defendant Prote does not operate to preclude maintenance of the defendant Board of Education’s cross complaint. (Secor v. Levine, 273 App. Div. 899.) The movant defendant’s position, however, rests on the contention that the main complaint charges the defendant Board of Education with active tort feasance only and that, therefore, no right of indemnification arises in favor of the board as against defendant Prote. The court does not subscribe to the foregoing premise. It is not possible to ascertain with any certainty, from an examination of the plaintiffs’ pleading, whether the defendant Board of Education is exposed to liability thereunder for active negligence only, or for passive, as well. Under such circumstances, the settled policy of the courts is not to dismiss the cross claim but to leave the question of liability over until the development of the facts upon trial. (Lyon v. Banks, 8 A D 2d 823; Tarantino v. Buck, 6 A D 2d 894; Brady v. Weiss & Sons, 6 A D 2d 241; Volvo v. Hope’s Windows, 230 N. Y. S. 2d 956.)