OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed *911 from, should be reversed, with costs, and defendant’s cross motion to dismiss the action with prejudice denied.
Plaintiff commenced this action against defendants, his former employer and several supervisory personnel, asserting causes of action for, inter alla, defamation and prima facie tort. The original complaint was dismissed, with leave to move to replead for failure to comply with CPLR 3014 and 3024 (a). After plaintiff’s motion for leave to replead was denied, plaintiff moved for return of the security , bond he had posted for costs as a nonresident pursuant to CPLR 8501 (a) and stated that he would not replead his complaint in State court, but would instead commence an action in Federal court. Prior to defendants’ response, plaintiff filed suit in Federal District Court in New Jersey, alleging the same causes of action asserted in this action and additional claims for employment discrimination. Defendants opposed the motion and cross-moved for an order dismissing the action in State court "with prejudice” under CPLR 3217 (b), releasing the security bond to them as partial reimbursement for costs and awarding additional costs, disbursements and counsel fees. The court granted plaintiff’s motion for release of his security upon payment of one bill of costs to defendants and also dismissed plaintiff’s action with prejudice. It denied the branch of defendants’ cross motion that sought additional costs and counsel fees.
Plaintiff appealed from so much of Supreme Court’s order as granted defendants’ cross motion to dismiss his action with prejudice. The Appellate Division affirmed, without opinion, but provided in its order that it interpreted the dismissal with prejudice as a bar only to a new action in State court. The principal issues on this appeal are whether it was an abuse of discretion as a matter of law for the court to have granted defendants’ cross motion for a dismissal with prejudice and whether, as plaintiff suggests, such a dismissal will be res judicata as to his pending claims in Federal court.
A dismissal with prejudice cannot be sustained here. CPLR 3217 authorizes a voluntary discontinuance by court order on motion of "a party asserting a claim” (CPLR 3217 [b]). This provision cannot be the basis for a dismissal motion by a party defending a claim unless the party asserting the claim consents or joins in the motion (see, CPLR 3217 [b]; Recommendations Relating to Voluntary Discontinuance, 19th Ann Report of NY Judicial Council, 1953, at 201, 207; Grimmett v Board of Educ., 36 Misc 2d 874, 875; Bell v Broadway Sav. Bank, 129 *912 NYS2d 23, 25; 4 Weinstein-Korn-Miller, NY Civ Prac If 3217.09, at 32-355 — 32-356). Plaintiff did not request a discontinuance when he moved to recover his security bond; indeed he clearly opposed defendants’ cross motion in his answering affidavit. Thus, there was no basis for Special Term to apply the statute relating to voluntary discontinuances and apply it as one authorizing involuntary dismissals.
In view of this disposition of the case, we need not reach plaintiff’s assertion that because a dismissal with prejudice is res judicata as to a subsequent action in State court it will, under traditional rules of full faith and credit and the provisions of 28 USC § 1738, bar his pending claims in Federal court (compare, Schultz v Boy Scouts of Am., 65 NY2d 189, 204; Migra v Warren City School Dist. Bd. of Educ., 465 US 75, 80-81, with Brown v Bullock, 17 AD2d 424, 428).
We have considered the parties’ remaining contentions and, to the extent they are preserved, we find that they lack merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, reversed, etc.