(November 10, 1986)

■ ROBERT BARKER, Respondent, v BRUCE S. SALTZMAN et al., Defendants, and GERALD THURER, Appellant

The plaintiff's cause of action against the defendant Dr. Gerald Thurer concerns, *inter alia,* the allegedly negligent administration of anesthesia during certain podiatric surgery performed upon him at Massapequa General Hospital, and is based upon a theory of vicarious liability.

The defendant Thurer contends that Special Term erred in denying his motion for summary judgment dismissing the complaint and the cross claims asserted against him because he never saw, treated or consulted with any physicians regarding the plaintiff. He points out that during the period of the plaintiff's hospitalization at issue in this action, he was not even present at the hospital because at the time of the plaintiff's surgery, he himself underwent surgery at another institution. However, the record indicates that during his examination before trial, Dr. Thurer admitted that as Chairman of the Anesthesia Department of Massapequa General Hospital, he was responsible for providing anesthesia for all

surgical patients at the hospital and that he employed assistants whom he supervised in the administration of anesthesia. Dr. Thurer also admitted that his office sent a bill to the plaintiff for the anesthesia and received a check made out to his professional corporation in payment for those services. After reviewing the hospital record, Dr. Thurer further conceded that it contained a signature in his name under certain handwritten notations which he denied writing.

In view of this and other evidence in the record, we agree with Special Term that triable issues of fact exist concerning the applicability of the doctrine of respondeat superior concerning Dr. Thurer's possible liability for the allegedly negligent acts complained of by the plaintiff *(see, Impastato v De Girolamo,* 95 AD2d 845). Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.