■ TEENA ROSEMAN et al., Respondents, v THEODORE GOLDBERG et al., Defendants, and GERALD C. FINKEL, Appellant.—In a medical malpractice action, the defendant Gerald Charles Finkel appeals (1) from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 15, 1989, as granted the plaintiffs' motion for leave to renew their opposition to his prior motion for summary judgment, and upon reconsideration, vacated so much of a prior order and judgment (one paper) of the same court entered August 1, 1989, granting summary judgment in his favor and dismissing the complaint insofar as it is asserted against him, and denied his motion for summary judgment, and (2) from so much of an order of the same court dated April 18, 1990, as upon granting his motion for leave to reargue, adhered to its prior determination denying his motion for summary judgment.

Ordered that the appeal from the order dated December 15, 1989, is dismissed, as that order was superseded by the order dated April 18, 1990, made upon reargument; and it is further,

Ordered that the order dated April 18, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that respondents are awarded one bill of costs.

This medical malpractice action involves the alleged failure to diagnose cervical cancer. The plaintiff Teena Roseman had been under the care of her treating gynecologist, the defendant Dr. Goldberg, from 1977 through 1984. During that time period, Dr. Goldberg took a series of pap smear specimens which were sent to various laboratories for analysis. Five of the specimens were sent to the pathology department of the defendant St. Charles Hospital (hereinafter the Hospital). Both the Hospital and the appellant, Dr. Finkel, who was the Director of the Hospital's pathology department, are charged by the plaintiffs with having improperly read and analyzed the specimens submitted by Dr. Goldberg.

The appellant moved for summary judgment dismissing the complaint insofar as it is asserted against him, claiming, *inter alia,* that he was never directly involved in the analysis of any of the pap smear specimens submitted by Dr. Goldberg, or in the preparation of any of the pathology reports. He argued that his position as Director of the pathology department was an insufficient basis for him to be held vicariously liable for the alleged negligence of other Hospital employees who had prepared the reports. The Hospital also moved for partial summary judgment dismissing against it all claims arising from specimens that had been submitted for analysis prior to 1984, on the ground that such claims were barred by the Statute of Limitations. On October 4, 1989, the Supreme Court granted the appellant's motion for summary judgment dismissing the complaint insofar as it is asserted against him, and granted the Hospital's motion for summary judgment dismissing all claims arising from specimens submitted prior to 1984.

The Hospital moved for summary judgment a second time. On this latter application, the Hospital focused on the remaining claim against it which involved a specimen that had been submitted by Dr. Goldberg in 1984. For the first time, the Hospital claimed that the specimen in question had been submitted directly to the appellant, who had a contractual right to use its laboratory facilities for his own private patients. Evidence was presented establishing that the appellant had received compensation for these services from the plaintiffs, and that the specimen had been referred to another physician in the laboratory who made the allegedly negligent analysis and prepared the report. This physician was not paid a salary by the Hospital but instead, he was compensated by the appellant's own professional corporation for providing the service rendered to the plaintiffs. Accordingly, the Hospital

argued that it could not be held vicariously liable for the allegedly negligent preparation of the pathology report of the specimen submitted in 1984.

In light of the new evidence and factual claims made by the Hospital, the plaintiffs requested leave to renew their opposition to the appellant's original motion for summary judgment. The plaintiffs argued that a factual issue had now been brought to the attention of the court concerning whether the physician who had analyzed the 1984 specimen had been employed by the Hospital, or by the appellant, requiring the denial of summary judgment to either party.

By order dated December 15, 1989, the Supreme Court granted the plaintiffs' motion for leave to renew and vacated its prior order and judgment in favor of the appellant. Upon reconsideration, and in the interest of justice, the court concluded that both the appellant's motion and the Hospital's motion for summary judgment should be denied. By order dated April 18, 1990, the court granted the appellant's motion for leave to reargue with respect to its order of December 15, 1989, and upon further reconsideration, adhered to its determination denying his motion for summary judgment. We now affirm.

Contrary to the appellant's contention, we find that it was not an improvident exercise of discretion to find that the plaintiffs had proffered a reasonable excuse for their failure to adduce the omitted information prior to the time of the motion to renew. In the absence of prejudice to the appellant, the court properly exercised its discretion in granting the motion to renew in the interest of justice (*see, Matter of Kennedy v Coughlin,* 172 AD2d 666).

The Supreme Court properly vacated its prior determination in favor of the appellant, and, in light of the new information submitted on the renewal motion, properly denied his motion for summary judgment. Vicarious liability for medical malpractice turns on principles of agency and control in fact (*see, Hill v St. Clare's Hosp.,* 67 NY2d 72, 79). The evidence in the record here was sufficient to create a factual issue regarding the appellant's possible vicarious liability for the alleged negligence of the physician who prepared the pathology report of the specimen submitted in 1984 (*see, Barker v Saltzman,* 124 AD2d 617; *Impastato v De Girolamo,* 95 AD2d 845; *see also, Santiago v Archer,* 136 AD2d 690; *Felice v St. Agnes Hosp.,* 65 AD2d 388). Mangano, P. J., Rosenblatt, Lawrence and Ritter, JJ., concur.