■ JOSEPH INDELICATO et al., Respondents, v WYCKOFF HEIGHTS HOSPITAL, Appellant, et al., Defendants. [614 NYS2d 299] —In an action to recover damages for medical malpractice, etc., the defendant Wyckoff Heights Hospital appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated October 5, 1992, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The defendant hospital moved for summary judgment on the ground that the plaintiff Joseph Indelicato was the private patient of the codefendant Dr. Barman. As the moving party, the hospital was required to make a prima facie showing of entitlement to judgment as a matter of law, presenting sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). We conclude that summary judgment was properly denied.

The evidence presented by the hospital was insufficient to establish that the plaintiffs had no cause of action against it for the alleged negligent acts of its employees. The affidavit by its medical expert was comprised of bare conclusory statements and did not attempt to refute the specific factual allegations of malpractice in the bills of particulars (see, Delprete v Victory Mem. Hosp., 191 AD2d 673, 674; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Additionally, none of the deposition testimony presented by the hospital pertained to the degree of control exercised by the hospital over Dr. Barman's work (see, Kavanaugh v Nussbaum, 71 NY2d 535, 547; Hill v St. Clare's Hosp., 67 NY2d 72, 79; Felice v St. Agnes Hosp., 65 AD2d 388, 390; Delprete v Victory Mem. Hosp., supra; Roseman v Goldberg, 181 AD2d 873, 875; Santiago v Archer, 136 AD2d 690, 692). Accordingly, summary judgment was properly denied. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.