[670 NYS2d 570]

Frank A. Marano et al., Respondents, v Mercy Hospital et al., Appellants.

Second Department, March 30, 1998

## APPEARANCES OF COUNSEL

*Montfort, Healy, McGuire & Salley,* Garden City *(E. Richard Rimmels, Jr.,* of counsel), for Mercy Hospital, appellant.

*Santangelo, Benvenuto & Slattery,* Manhasset *(James W. Tuffin [Gabriel Mignella]* of counsel), for Robert A. Cooper, appellant.

*Lewis, Johs, Avallone, Aviles & Kaufman,* Melville *(John M. Denby* of counsel), for Rockville Anesthesia Group and another, appellants.

## OPINION OF THE COURT

MILLER, J.

The instant appeals raise a procedural issue that is of great importance in medical malpractice actions. It has not heretofore been addressed by this Court and it is effectively a matter of first impression at the appellate level. While it is well settled that a party opposing a summary judgment motion in a medical, dental, or podiatric malpractice case may do so without disclosing the identity of the medical experts upon whose opinions that party relies, we hold that a party moving for summary judgment may not do so without revealing the identity of that party's experts.

The infant plaintiff, Frank A. Marano, was allegedly injured *in utero* by the malpractice of the defendants. The plaintiffs alleged that elective surgery was performed upon the plaintiff Linda Marano while she was in the early stages of pregnancy and that the anesthetic administered to her caused various injuries to her developing fetus.

After joinder of issue, all of the defendants moved for summary judgment. Their respective motions relied, in large measure, upon affirmations of medical expert witnesses who were of the opinion that there had been no malpractice. However, relying upon the provisions of CPLR 3101 (d) (1) (i), the defendants disclosed the credentials but not the identities of their respective experts. The defendant Robert A. Cooper offered to provide an unredacted copy to the court for its in

camera review although his codefendants made no similar offers. In opposition the plaintiffs did not proffer an expert's affirmation or any other medical evidence. The Supreme Court nevertheless denied the defendants' motions, despite the absence of a relevant objection by the plaintiffs' counsel, concluding that the redacted affirmations lacked evidentiary value. We affirm.

Pursuant to CPLR 3101 (d) (1) (i), the names of medical expert witnesses need not be revealed during pretrial discovery in, *inter alia,* medical malpractice actions. This rule, which is an exception to the general rule of full disclosure, was enacted because of the unique problems presented by such cases. The Legislature was persuaded that nondisclosure was necessary to prevent colleagues from exerting peer pressure upon expert witnesses to dissuade them from testifying *(see, Jasopersaud v Tao Gyoun Rho,* 169 AD2d 184; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:29A, at 48-49).

It is now settled that a party may successfully *oppose* a summary judgment motion without disclosing the names of the party's expert witnesses. In opposition to such a motion the party defending against a summary judgment motion may serve the movant with a redacted copy of its expert's affirmation as long as an unredacted original is provided to the court for its in camera inspection *(see, e.g., Napierski v Finn,* 229 AD2d 869; *Carrasquillo v Rosencrans,* 208 AD2d 488; *McCarty v Community Hosp.,* 203 AD2d 432; *Cappellini v Kinney Sys.,* 193 AD2d 421; *Rubenstein v Columbia Presbyt. Med. Ctr.,* 139 Misc 2d 349; *cf., Kruck v St. John's Episcopal Hosp.,* 228 AD2d 565). The defendants contend that the foregoing procedure, which is authorized in a defensive context, is equally available in support of a summary judgment motion, i.e., in an offensive posture. We disagree.

Nondisclosure of medical experts in a defensive context is consonant with the purpose of CPLR 3101 (d) (1) (i) insofar as it strikes a reasonable balance between a moving party's right to test the merits of an opponent's case without requiring premature disclosure of the identity of the opponent's expert witnesses *(see, McCarty v Community Hosp., supra).* By providing the court with an unredacted copy, the court can be assured of the expert's existence *(McCarty v Community Hosp., supra).* This procedure also discourages "fishing expeditions" intended to force a party to disclose his expert's identity in response to meritless summary judgment motions. In opposing

such a motion the responding party need only demonstrate the existence of genuine issues of fact which will thereafter be resolved at trial.

However, in an offensive context, the moving party is seeking summary judgment by ruling out any questions of fact. If the use of redacted expert affirmations in support of a summary judgment motion were permitted, the party defending against summary judgment would be completely deprived of any opportunity to test the credibility of the movant's experts. A moving party could proffer the opinion of a discredited "expert" or one who might have offered an inconsistent opinion in a prior case. A moving party could thus prevail, without a trial, through the use of an unknown expert effectively permitted to testify from behind a screen, whose credibility is immune from any attack no matter how justified. Moreover, inasmuch as summary judgment is the procedural equivalent of trial *(see, Dye v Lincoln First Bank,* 38 NY2d 769; *Falk v Goodman,* 7 NY2d 87; *Myers v Kamalian,* 231 AD2d 616; *Grassick v Hicksville Union Free School Dist.,* 231 AD2d 604), and the credibility of expert witnesses often presents a significant issue for the trier of fact, it would be inappropriate to permit a moving party to obtain summary judgment without requiring that party to submit his or her witnesses' credibility to scrutiny. In short, we hold that a party moving for summary judgment may not rely upon redacted expert affirmations or affidavits, even with unredacted copies provided for in camera inspection, since to do so would violate the opposing party's rights to fundamental fairness.

We note that in *Morrison v Hindley* (221 AD2d 691), the Appellate Division, Third Department, was presented with an analogous controversy. There, the defendant physician moved for summary judgment dismissing the plaintiff's malpractice claims on the strength of, *inter alia,* redacted expert affidavits. The Court held that these affidavits lacked probative value, but it further noted that the record did not support the defendant's contention that unredacted copies had been supplied for the motion court's in camera review. *Morrison* thus holds that redacted expert affidavits will not suffice to support a summary judgment motion but it seemingly implies that had the defendant submitted unredacted copies for in camera inspection, the outcome might be otherwise. To the extent that *Morrison* could be read as support for the proposition that the service of redacted affirmations along with the in camera submission of unredacted originals may be sufficient to demon-

strate a moving party's entitlement to summary judgment, we decline to follow it. In our view, such a practice may not be utilized in an offensive context.

Furthermore, contrary to the defendants' contentions, the failure of the plaintiffs' counsel to raise a relevant objection to the defendants' proffer of redacted affirmations is of no moment. As moving parties it was incumbent upon the defendants to demonstrate their entitlement to judgment as a matter of law. Their failure to do so compels the denial of their motions without regard to the adequacy of the plaintiffs' opposition *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Felter v Mercy Community Hosp.,* 244 AD2d 385; *Allen v Blum,* 212 AD2d 562; *Delprete v Victory Mem. Hosp.,* 191 AD2d 673). Since the defendants' use of redacted affirmations was legally and factually insufficient to demonstrate their entitlement to summary judgment, the court did not err by denying the motions on this basis, despite the failure of the plaintiffs' counsel to take issue with the procedure employed. Accordingly, the order is affirmed insofar as appealed from.

ROSENBLATT, J. P., COPERTINO and PIZZUTO, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.