■ ADA HENSON, Appellant, v WINTHROP UNIVERSITY HOSPITAL et al., Respondents, et al., Defendants. [672 NYS2d 124] —In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated March 19, 1997, as granted the separate motions of the defendants Paul Harnick and Winthrop University Hospital for summary judgment dismissing the complaint insofar as asserted against them, and denied those branches of her cross motion which were to amend her bill of particulars as to those defendants.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions for summary judgment are denied, those branches of the plaintiff's cross motion which were to amend her bill of particulars as to Paul Harnick and Winthrop University Hospital are granted, and the complaint is reinstated as against these defendants.

The defendant Winthrop University Hospital (hereinafter Winthrop) was not entitled to summary judgment. In support of its motion, Winthrop relied, *inter alia*, upon the affidavit of a physician whose name was redacted therefrom. This was improper (*see, Marano v Mercy Hosp.*, 241 AD2d 48). In any event, we note that there are questions of fact as to whether any negligence on the part of Winthrop caused or contributed to the gangrenous condition that necessitated the amputation of the plaintiff's leg.

Moreover, the defendant Dr. Paul Harnick was not entitled to summary judgment, as he failed to make out a prima facie case that he did not deviate from good and accepted medical practice in his post-operative treatment of the plaintiff. The affidavit of Dr. Harnick's expert physician to the effect that "appropriate tests to assess the condition of and provide proper treatment to the plaintiff's leg were ordered on a timely basis" was entirely conclusory (*see, e.g., Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Graber v Zwanger*, 175 AD2d 911; *Montalbano v North Shore Univ. Hosp.*, 154 AD2d 579).

Finally, in light of our determination that these defendants are not entitled to summary judgment, the plaintiff should be allowed to amend her bill of particulars in accordance with her expert's medical affidavit, particularly since there has been no showing of prejudice to the defendants (CPLR 3025 [b]; *see, Murray v City of New York,* 43 NY2d 400). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.