■ MILDRED TRANCHINA, as Executrix of ANDREW TRANCHINA, et al., Appellants, v EDWARD DAVISION et al., Respondents. (And a Third-Party Action.) [678 NYS2d 355] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated August 22, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Edward Davison, M.D., P. C., and substituting therefor a provision denying that branch of the motion without prejudice to renew upon proper papers; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated insofar as asserted against the defendant Edward Davison, M.D., P. C.

Because of the improper redaction of their medical expert's name from his or her affidavit, summary judgment cannot be granted to the defendant Edward Davison, M.D., P. C. (*see, Marano v Mercy Hosp.,* 241 AD2d 48; *see also, Henson v Winthrop Univ. Hosp.,* 249 AD2d 510). However, under the facts of this case, summary judgment is denied without prejudice to renew upon proper papers as to that defendant.

Notwithstanding the improper affidavit of the defendants' medical expert, summary judgment is warranted in favor of Edward Davison, M.D. While an expert medical affidavit is generally required to demonstrate merit in a medical malpractice case, the allegations against Dr. Davison involved facts

that are within the ordinary experience and knowledge of laypersons such that an expert medical affidavit is not required (*see, Mosberg v Elahi,* 80 NY2d 941, 942). The record shows that Dr. Davison, who had previously treated the decedent, was not involved in the treatment that allegedly constituted malpractice. Rather, another doctor in the same medical office, who had also previously treated the decedent, issued the alleged improper prescription for the decedent. Absent any facts to the contrary or facts imputing the alleged negligence to Dr. Davison, summary judgment in his favor is warranted. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.