■ JAMES MACKEY, Appellant, v SOUTHAMPTON HOSPITAL et al., Defendants, and KRISTIN P. NASO et al., Respondents. [694 NYS2d 119] —In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 4, 1998, which granted the separate motions of the defendants Kristin P. Naso, D.O., and Robert Plachy, M.D., for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by his brief, from so much of an order of the same court entered February 8, 1999, as, upon renewal and/or reargument of the motions for summary judgment, adhered to the prior determination.

Ordered that the appeal from the order entered June 4, 1998, is dismissed, without costs or disbursements, as that order was superseded by the order entered February 8, 1999, made upon renewal and/or reargument; and it is further,

Ordered that the order entered February 8, 1999, is modified, on the law, by deleting the provision thereof granting the motion of the defendant Robert Plachy, M.D., and substituting therefor a provision denying the motion of that defendant without prejudice to renew upon proper papers; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the order entered June 4, 1998, is amended accordingly.

Summary judgment cannot be granted to the defendant Robert Plachy, M.D., because of the improper redaction of his medical expert's name from his or her affidavit (see, Marano v Mercy Hosp., 241 AD2d 48; see also, Henson v Winthrop Univ. Hosp., 249 AD2d 510). However, under the facts of this case, where there is no evidence that indicates that Plachy's alleged departure from accepted medical standards was a proximate cause of injury, summary judgment is denied without prejudice to renewal upon proper papers.

The defendant Kristin P. Naso, D.O., made a prima facie showing that she was not negligent in treating the plaintiff's

decedent. Since the plaintiff failed to demonstrate the existence of a triable issue of fact with respect thereto, summary judgment was properly granted to that defendant (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Cahill v County of Westchester*, 226 AD2d 571). Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.