■ Jose Santos, Appellant, v New York City Transit Authority et al., Respondents, et al., Defendant. [701 NYS2d 646] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated January 8, 1999, which denied his motion to vacate so much of an order of the same court dated May 26, 1998, as dismissed his complaint based upon his failure to appear for a hearing pursuant to Public Authorities Law § 1212.

Ordered that the order is affirmed, with costs.

The plaintiff failed to proffer evidence of a reasonable excuse for the default and a meritorious cause of action (see, Perez v Astoria Gen. Hosp., 260 AD2d 457). Therefore, the Supreme Court properly denied his motion. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.

■ Cynthia G. Smith, Individually and as Executor of Stanfield Smith, Deceased, Respondent, v Mather Memorial Hospital, Defendant, and Alan W. Studley, Appellant. [701 NYS2d 663] —In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Alan W. Studley appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 30, 1999, as denied those branches of his motion which were for summary judgment dismissing the third, fourth, and fifth causes of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant Dr. Alan W. Studley failed to establish prima facie that he did not deviate from good and accepted medical practice in failing to diagnose and treat the decedent's aortic aneurysm. The evidence submitted by the parties raises issues of fact as to whether the appellant's failure to order a chest X-ray and to recommend follow-up care was a proximate cause of the decedent's death (see, Henson v Winthrop Univ. Hosp., 249 AD2d 510; Montalbano v North Shore Univ. Hosp., 154 AD2d 579). Thus, the appellant was not entitled to summary judgment dismissing the third, fourth, and fifth causes of action insofar as asserted against him. Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.