■ MARTIN J. MINEROFF, as Executor of SHERRY A. MINEROFF, Deceased, Appellant-Respondent, v STEVEN H. SILBER et al., Respondents, and JOSEPH C. CASARONA, Respondent-Appellant. [715 NYS2d 149] —In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated June 5, 1998, as granted that branch of the motion of the defendants Methodist Hospital and Steven H. Silber which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Joseph C. Casarona cross-appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

■ MARTIN J. MINEROFF, as Executor of SHERRY A. MINEROFF, Deceased, Appellant-Respondent, v STEVEN H. SILBER et al., Respondents, and EMIL G. BACCASH et al., Respondents-Appellants. [710 NYS2d 623] —In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated December 21, 1998, as, upon granting reargument,

adhered to its prior determination made in an order of the same court, dated June 5, 1998, granting those branches of the motion of the defendants Methodist Hospital and Steven H. Silber which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Petra Gurtner, Emil George Baccash, and Joseph C. Casarona cross-appeal from so much of the order dated December 21, 1998, as, upon granting reargument, adhered to the prior determination denying their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them other than the claims based upon lack of informed consent.

Ordered that the order is modified by deleting the provision thereof which, upon reargument, adhered to so much of the order dated June 5, 1998, as granted the motion of the defendants Methodist Hospital and Steven Silber for summary judgment and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs, and the order dated June 5, 1998, is modified accordingly.

On the morning of January 9, 1994, the plaintiff's decedent was transported to the defendant Methodist Hospital by ambulance after waking up complaining, among other things, of a severe headache and an inability to move her left arm. Throughout that day, she was examined, diagnosed, or treated by the appellant doctors. Within the following days, she exhibited all of the indicia of brain death. Six days after her admission, after life support was discontinued, she died. The plaintiff, as executor of the decedent's estate, thereafter commenced this action, *inter alia*, to recover damages for conscious pain and suffering and wrongful death arising from medical malpractice. After issue was joined and various disclosure completed, the defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court, upon the grant of reargument, adhered to a prior determination denying such relief as to each of the defendants except Methodist Hospital and Steven Silber. We now modify.

There are questions of fact as to whether the defendants departed from good and accepted medical practice and, if so, whether any, some, or all of the departures were a proximate cause of the damages alleged (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Baez v Lockridge,* 259 AD2d 573; *Allone v University Hosp.,* 235 AD2d 447; *Gerner v Long Is. Jewish Hillside Med.*

*Ctr.,* 203 AD2d 60). Accordingly, summary judgment should have been denied as to all of the defendants. Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.