■ LINDA KENNY, Appellant, v PARKWAY HOSPITAL et al., Respondents. [722 NYS2d 167] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated March 23, 2000, which granted the respective motions of the defendants, Parkway Hospital, Scott T. Ippolito, Jang B. Chadha, and John Kaufman, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the respective motions of the defendants Parkway Hospital, Scott T. Ippolito, and Jang B. Chadha, and substituting therefor provisions denying those motions and severing the action against those defendants; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly granted the motion for summary judgment by the defendant John Kaufman. In support of his motion, Kaufman established a prima facie case that he was not responsible for the care of the plaintiff's decedent while he was in the intensive care unit of the defendant Parkway Hospital, where the alleged acts of malpractice took place. Moreover, the affidavit of the plaintiff's expert physician was insufficient to raise a triable issue of fact as to Kaufman's alleged malpractice (*see, Kaplan v Hamilton Med. Assocs.,* 262 AD2d 609, 610; *see also, Sheikh v Sinha,* 272 AD2d 465).

We agree with the plaintiff, however, that the Supreme Court improperly granted the respective motions of the defendants Parkway Hospital, Scott T. Ippolito, and Jang B. Chadha,

because they failed to establish a prima facie case that they were entitled to summary judgment dismissing the complaint insofar as asserted against each of them. The expert affidavits submitted in support of each of their motions were "conclusory and did not attempt to refute by specific factual reference the allegations of negligence in the bills of particulars" (*Brosnan v Shafron*, 278 AD2d 442; *see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Henson v Winthrop Univ. Hosp.*, 249 AD2d 510; *Indelicato v Wyckoff Hgts. Hosp.*, 205 AD2d 664). O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.