■ Peter Trabal, Appellant, v Institute for Men's Cosmetic Surgery et al., Defendants, and V. Thomas Sanderson, Respondent. [745 NYS2d 207] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated March 1, 2001, which granted the motion of the defendant V. Thomas Sanderson for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

On the evening of July 3, 1995, the plaintiff, in obvious distress, presented himself at the office of the defendant Dr. Jonathan K. Schwartz, who had previously operated on him, insisting that he be seen. Dr. Schwartz, who rents office space one evening per week from the defendant Dr. V. Thomas Sand-

erson, was on vacation, but Dr. Sanderson agreed to see the plaintiff. The plaintiff and Dr. Sanderson, as well as both of their experts, agree that the plaintiff had a serious infection of the surgical site which required immediate hospitalization for the administration of intravenous antibiotics. It is undisputed that the plaintiff was not hospitalized that night in Jamaica Hospital, where Dr. Sanderson was the chair of the Family Practice department. Rather, the next day, he went to the emergency room at Columbia-Presbyterian Hospital where he received further treatment.

However, the plaintiff's and Dr. Sanderson's deposition testimony differs as to whether or not treatment was made available to the plaintiff on July 3, 1995. According to the plaintiff, Dr. Sanderson refused to admit him to Jamaica Hospital once he learned that he had no health insurance. In contrast, Dr. Sanderson alleges that once he learned the plaintiff was uninsured, he offered to have the plaintiff admitted to Jamaica Hospital on his own authority. The differing accounts as to what actually occurred present a factual question which cannot be resolved on the papers submitted. Thus, even without considering the plaintiff's expert's opinion, Dr. Sanderson's expert's opinion was insufficient to make out a prima facie case that he was not negligent (*see Gerner v Long Is. Jewish Hillside Med. Ctr.,* 203 AD2d 60; *Mango v Long Is. Jewish-Hillside Med. Ctr.,* 123 AD2d 843).

Contrary to Dr. Sanderson's contention, he failed to show that even if he were negligent as alleged by the plaintiff, any such negligence was not a proximate cause of the injuries. Dr. Sanderson, a physician himself, testified that he was unable to state whether the delay made a difference because the plaintiff did not return to him. Further, his expert's affirmation is conclusory and vague and the moving papers fail to allege a sufficient factual basis for his conclusion that there were no adverse consequences as a result of the delay in treating the plaintiff (*see Kenny v Parkway Hosp.,* 281 AD2d 596; *Brosnan v Shafron,* 278 AD2d 442). Finally, the opinions of Dr. Sanderson's attorney on this medical issue are patently insufficient. Accordingly, the Supreme Court erred in granting the motion (*see Mackey v Southampton Hosp.,* 264 AD2d 410; *Mango v Long Is. Jewish-Hillside Med. Ctr., supra; see generally Alvarez v Prospect Hosp.,* 68 NY2d 320). Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.