■ PATRICIA N. NWABUDE et al., Respondents, v SISTERS OF CHARITY HEALTH CARE SYSTEM CORPORATION et al., Defendants, and ORLANDO GONZALES, JR., et al., Appellants. [766 NYS2d 119] —In an action to recover damages for medical malpractice, etc., the defendants Orlando Gonzales, Jr., and Orlando Gonzales, M.D., P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 17, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The appeal brings up for review so much of an order of the same court dated March 7, 2003, as, upon re-

argument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated January 17, 2003, is dismissed, as that order was superseded by the order dated March 7, 2003, made upon reargument; and it is further,

Ordered that the order dated March 7, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Patricia Nkechi Nwabude (hereinafter Nwabude) suffered an intracerebral bleed the day after she saw the defendant Dr. Orlando Gonzales, Jr., during her first postpartum appointment. Nwabude and her husband subsequently commenced this medical malpractice action against, among others, Dr. Gonzales, claiming that he failed to check her blood pressure during the appointment, and that such a test would have revealed that she had hypertension, which could have been treated and would have prevented her subsequent stroke. Dr. Gonzales and his professional corporation, Orlando Gonzales, M.D., P.C., moved for summary judgment, arguing that any negligence on his part was not the proximate cause of Nwabude's injuries. The Supreme Court denied the motion, and, upon reargument, adhered to its original determination. We affirm.

In support of a motion for summary judgment, the movant has the burden of establishing, prima facie, entitlement to judgment as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Upon a failure to make such a showing, the motion must be denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The affirmation of Gonzales's expert was insufficient to establish prima facie that any negligence on Gonzales's part was not a proximate cause of Nwabude's injury (*see Nangano v Mount Sinai Hosp.,* 305 AD2d 473 [2003]). Accordingly, the Supreme Court properly denied the motion for summary judgment.

The appellants' remaining contention is without merit. Santucci, J.P., S. Miller, Goldstein and Cozier, JJ., concur.