■ FRANK A. OLIVETTO, Respondent, v BERNARD SALEVITZ et al., Defendants, and VICTOR GAINES et al., Appellants. [779 NYS2d 248]—

In an action to recover damages for medical malpractice and wrongful death, the defendants Victor Gaines, Victor Gaines, M.D., P.C., and DRA Imaging, P.C., appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Dutchess County (Dillon, J.), dated May 28, 2003, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

The appellants failed to establish their prima facie entitlement to judgment as a matter of law with regard to causation. The expert's affidavit submitted in support of their motion for summary judgment did not address the issue of causation. The assertions made by defense counsel in his reply papers did not foreclose the possibility, which was supported by the plaintiff's expert's affidavit, that their alleged departures from accepted standards of medical practice were a proximate cause of the injuries sustained by plaintiff's decedent (*cf. Biggs v Mary Immaculate Hosp.*, 303 AD2d 702, 704 [2003]; *Walker v Zdanowitz*, 265 AD2d 404, 405 [1999]; *Holton v Sprain Brook Manor Nursing Home*, 253 AD2d 852 [1998]). The motion for summary judgment therefore was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Santucci, J.P., Townes, Crane and Lifson, JJ., concur.