■ JUDITH KLESS, Appellant, v PAUL T.S. LEE, M.D., P.C., et al., Defendants, and HARI SUBRAMANIAN, M.D., et al., Respondents. [796 NYS2d 502]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered October 1, 2004. The order granted the motion of defendant Hari Subramanian, M.D. for summary judgment dismissing the complaint against him and that part of the motion of defendant St. Joseph Hospital for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendant Hari Subramanian, M.D. and the motion of defendant St. Joseph Hospital in part and reinstating the second and third causes of action except insofar as the third cause of action alleges negligent credentialing and as modified the order is affirmed without costs.

Memorandum: In this action commenced by plaintiff to recover damages for injuries allegedly sustained as a result of defendants' medical malpractice, we conclude that Supreme Court erred in granting that part of the motion of defendant St. Joseph Hospital (hospital) for summary judgment dismissing the complaint in its entirety against it. Although the hospital also sought dismissal of "the cross-claims of the co-defendants

against the hospital," the court treated the motion only as one for summary judgment dismissing the complaint against the hospital, and no issue concerning any cross claims against the hospital is before us on this appeal.

The hospital may be liable in malpractice for the conceded failure of its staff to carry out a physician's order (*see Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 264-265 [1968], *rearg denied* 22 NY2d 973 [1968]; *see also Collins v New York Hosp.*, 49 NY2d 965, 967 [1980], *rearg denied* 50 NY2d 929 [1980]; *Beardsley v Wyoming County Community Hosp.*, 79 AD2d 1110 [1981]), and we thus conclude that the hospital failed to meet its burden of establishing its entitlement to judgment as a matter of law with respect to its diagnosis and treatment of plaintiff. Further, the hospital failed to establish as a matter of law the absence of a causal relationship between its alleged malpractice and plaintiff's alleged injuries (*see Olivetto v Salevitz*, 8 AD3d 645, 646 [2004]; *Nwabude v Sisters of Charity Health Care Sys. Corp.*, 309 AD2d 909, 910 [2003]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In any event, plaintiff raised a triable question of fact on the issue of causation (*see Anderson v Lamaute*, 306 AD2d 232, 233-234 [2003]; *Lopez-Maraldo v Ciccone*, 292 AD2d 348 [2002]; *Mineroff v Silber*, 274 AD2d 379, 380-381 [2000]; *Smith v Mather Mem. Hosp.*, 268 AD2d 518 [2000]). We note that there is no challenge to that part of the order dismissing the complaint against the hospital to the extent that the complaint alleges negligent credentialing. We therefore modify the order accordingly.

Similarly, we conclude that the court erred in granting the motion of defendant Hari Subramanian, M.D. for summary judgment dismissing the complaint against him, and we thus further modify the order accordingly. A doctor is under a duty of reasonable care to a patient to ensure that his orders with respect to that patient are carried out (*see Pigno v Bunim*, 43 AD2d 718 [1973], *affd* 35 NY2d 841 [1974]). Dr. Subramanian did not sustain his initial burden of establishing as a matter of law either his lack of fault or the lack of any causal connection between such fault and plaintiff's injuries (*see generally Winegrad*, 64 NY2d at 853), and plaintiff in any event raised triable issues of fact (*see Anderson*, 306 AD2d at 233-234). Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.