■ ANNA SELLINO, as Executrix of GIUSEPPE SELLINO, Deceased, Appellant, v SANJAY S. KIRTANE, M.D., et al., Respondents, et al., Defendant. [901 NYS2d 299]—In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated October 24, 2008, as granted the motion of the defendants Sanjay S. Kirtane, Sanjay S. Kirtane, M.D., P.C., Novus Cardiology Associates, and Lawrence Cardiac Imaging for summary judgment dismissing the complaint insofar as asserted against them, and denied, as academic, her cross motion, in effect, to preclude those defendants from limiting their liability pursuant to CPLR article 16 based on the acts or omissions of the defendants Saeed A. Siddiqui and St. Francis Hospital.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Sanjay S. Kirtane, Sanjay S. Kirtane, M.D., P.C., Novus Cardiology Associates, and Lawrence Cardiac Imaging for summary judgment dismissing the complaint insofar as asserted against them is denied, and the plaintiff's cross motion, in effect, to preclude those defendants from limiting their liability pursuant to CPLR article 16 based on the acts or omissions of the defendants Saeed A. Siddiqui and St. Francis Hospital is granted.

In support of their motion for summary judgment, the defendants Sanjay S. Kirtane, Sanjay S. Kirtane, M.D., P.C., Novus Cardiology Associates, and Lawrence Cardiac Imaging (hereinafter collectively the defendants) improperly relied upon the affirmation of a physician whose name was redacted therefrom (*see Mackey v Southampton Hosp.*, 264 AD2d 410 [1999]; *Henson v Winthrop Univ. Hosp.*, 249 AD2d 510 [1998]; *Marano v Mercy Hosp.*, 241 AD2d 48, 51 [1998]). The attorney's affirmation and remaining exhibits submitted by the defendants were insufficient to establish their prima facie entitlement to judgment as a matter of law. Accordingly, the defendants' motion should have been denied without regard to the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Although the defendants would ordinarily be permitted to seek renewal of their motion upon the submission of proper papers, we note that, contrary to the Supreme Court's determination, the affirmation of the plaintiff's expert was suf-

ficient to raise triable issues of fact as to whether the defendants departed from good and accepted medical practice in their care and treatment of the decedent, and whether such departures were a proximate cause of the decedent's injuries and death (*see Henson v Winthrop Univ. Hosp.*, 249 AD2d at 510; *cf. Mackey v Southampton Hosp.*, 264 AD2d at 410; *Tranchina v Davison*, 253 AD2d 872 [1998]). Therefore, renewal of the defendants' motion would be inappropriate in this case.

The Supreme Court should have granted the plaintiff's unopposed cross motion, in effect, to preclude the defendants from limiting their liability pursuant to CPLR article 16 based on the acts or omissions of the defendants Saeed A. Siddiqui and St. Francis Hospital, who were awarded summary judgment dismissing the complaint insofar as asserted against them (*see Johnson v Peloro*, 62 AD3d 955, 956-957 [2009]). Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.