*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    517912
_____

RAUL RIVERA,
                    Respondent,

         v                              MEMORANDUM AND ORDER

ALBANY MEDICAL CENTER HOSPITAL
    et al.,
                    Appellants.
_____


Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____

         Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert
A. Rausch of counsel), for appellants.

         Englert, Coffey, McHugh & Fantauzzi, LLP, Schenectady
(Gregory E. Schaaf of counsel), for respondent.

_____


McCarthy, J.

         Appeal from an order of the Supreme Court (J. Sise, J.),
entered October 8, 2013 in Montgomery County, which denied
defendants' motion for summary judgment dismissing the complaint.

         Plaintiff was diagnosed with Hirschsprung's disease, a
condition that affects the nerve cells embedded in the wall of
the rectum and which can cause severe constipation.  After two
unsuccessful medical procedures, defendant underwent an open
proctosigmoidectomy — the goal of which was to remove the
diseased portion of plaintiff's rectum — performed by a physician
at defendants' medical facility.  Plaintiff thereafter commenced
this action alleging medical malpractice and lack of informed
consent, based upon, among other things, the claim that he now

suffers permanent erectile dysfunction as a result of the surgery. Following discovery, defendants moved for summary judgment dismissing both causes of action. Supreme Court denied the motion in its entirety, prompting this appeal.

As an initial matter, defendants' submission of a medical expert's affidavit with the expert's name redacted is incompetent evidence to support their summary judgment motion. In order to establish a prima facie entitlement to judgment as a matter of law, defendants were required to "tender[] sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact" (Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 754 [2001]). Among other submissions, defendants provided an affidavit from a medical expert whose identity was redacted and who opined on the appropriateness of plaintiff's medical care and the adequacy of the warnings given to plaintiff. Defendants also submitted an unredacted version of the affidavit for Supreme Court's in camera review. Because defendants were the movants for summary judgment, their submission of an anonymous expert affidavit was incompetent evidence not proper for consideration upon the motion (see Sellino v Kirtane, 73 AD3d 728, 728 [2010]; Mackey v Southampton Hosp., 264 AD2d 410, 410 [1999]; Henson v Winthrop Univ. Hosp., 249 AD2d 510, 510 [1998]; Marano v Mercy Hosp., 241 AD2d 48, 51 [1998]; see generally Morrison v Hindley, 221 AD2d 691, 693 [1995] [leaving unanswered the question of whether the court could properly consider such evidence if signed affidavits were provided for in camera review]).

While the Legislature has allowed for some protection from disclosure of the identities of medical experts during "[t]rial preparation" (CPLR 3101 [d] [1] [i]), and, consistent with this intention, courts have found it appropriate to allow nonmovants in the summary judgment context to also withhold experts' identities from their adversaries upon the reasoning that such parties did not choose to abandon the disclosure protections provided during trial preparation (see Cerny v Williams, 32 AD3d 881, 886 [2006]; McCarty v Community Hosp. of Glen Cove, 203 AD2d 432, 433 [1994]), the Legislature has shown no broad intention of protecting experts from accountability at the point where their opinions are employed for the purpose of judicially resolving a case or a cause of action. Further, we see no compelling reason

to allow for such anonymity that would outweigh the benefit that accountability provides in promoting candor (see generally Marano v Mercy Hosp., 241 AD2d at 51-52). Requiring a movant to reveal an expert's identity in such circumstances would allow a nonmovant to meaningfully pursue information such as whether that expert has ever espoused a contradictory opinion, whether the individual is actually a recognized expert and whether that individual has been discredited in the relevant field prior to any possible resolution of the case on the motion (see id. at 51). Further, any expert who anticipates a future opportunity to espouse a contradictory opinion would be on notice that public record could be used to hold him or her to account for any unwarranted discrepancy between such opinions.[1] For these reasons, we will not consider the incompetent affidavit of defendants' medical expert.

Turning to the evidence properly before this Court, defendants failed to meet their initial burden establishing that they were entitled to summary judgment dismissing the negligence-based medical malpractice cause of action.[2] To meet this initial burden, defendants were required to establish either that there was no departure from accepted standards of practice in

---

[1] A medical expert supporting a nonmovant in the summary judgment context could not reasonably believe that any temporary anonymity would keep his or her identity from the public record. A nonmovant presumably seeks a trial, where expert witnesses' identities would be revealed.

[2] Although plaintiff's counsel, at argument, made concessions that plaintiff did not plan on proceeding to trial on this cause of action and did not have an expert witness who would support the cause of action, we do not believe that the record provides sufficiently clear evidence that plaintiff either requested or consented to a stipulation of discontinuance of that cause of action that would allow this Court to make such an order (see CPLR 3217 [b]; see generally Shamley v ITT Corp., 67 NY2d 910, 911-912 [1986]).

plaintiff's treatment or that any such deviation did not injure plaintiff (see Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [2014]; Longtemps v Oliva, 110 AD3d 1316, 1317 [2013]).  A physician's sworn statements can be sufficient to meet this initial burden, provided that they are "detailed, specific and factual in nature" (Toomey v Adirondack Surgical Assoc., 280 AD2d at 755; accord Amodio v Wolpert, 52 AD3d 1078, 1079 [2008]).  Defendants' competent submissions, including, among other things, medical records and deposition testimony from the physician who treated plaintiff, fail to establish either that the physician provided care that did not depart from accepted standards of practice or that the care did not injure plaintiff, as the testimony cannot reasonably be interpreted to specifically reference the appropriate standard of care in these circumstances or to otherwise even assert that plaintiff's injury was not caused by his actual care.  Accordingly, Supreme Court properly denied defendants' motion for summary judgment on the negligence-based medical malpractice cause of action.

Further, defendants were not entitled to summary judgment on the cause of action for lack of informed consent.  In order to meet their burden on this cause of action, defendants were required to establish either that the practitioner "disclose[d] the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed" or that "a reasonable person in the plaintiff's position, fully informed, would have elected . . . to undergo the procedure or treatment" (Orphan v Pilnik, 15 NY3d 907, 908 [2010]; see Public Health Law § 2805-d [1], [3]).  The testimony provided by the physician who treated plaintiff did not specifically establish either that the risks, benefits and alternatives to the surgery that he claimed to have explained to plaintiff were also the ones that a reasonable practitioner would have disclosed or that a reasonable person, so informed, would have elected for the surgery rather than the other options described in the testimony, one of which included "leav[ing] everything alone."  In any event, even if defendants had met their burden on either of these issues, plaintiff raised material issues of fact as to each.  Contrary to defendants' contention, CPLR 4401-a, regarding plaintiff's burden of providing expert testimony at trial to support his cause of action, does not govern our review here;

inasmuch as defendants' submissions conceded that a warning was necessary regarding the potential injuries to nerve cells that controlled the intimate function of the penis and asserted that such a warning was given to plaintiff, plaintiff's contradictory testimony that no such warning was ever given to him was sufficient to demonstrate a triable question of fact on that issue (see Snyder v Simon, 49 AD3d 954, 956-957 [2008]). Further, plaintiff's testimony that he would not have chosen to have the surgery had he been properly informed of the risk of sexual dysfunction is sufficient to raise a triable issue of fact as to whether a fully informed reasonable person would have elected for the surgery (see Schilling v Ellis Hosp., 75 AD3d 1044, 1046 [2010]; Santilli v CHP, Inc., 274 AD2d 905, 907-908 [2000]). Accordingly, Supreme Court also properly denied defendants' motion for summary judgment on the lack of informed consent cause of action.

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court